No. 37,415

THE STATE OF KANSAS, *Appellee,* v. BIRDIE CHRISTENSEN, *Appellant.*

(195 P. 2d 592)

Opinion filed July 10, 1948.

*C. Vincent Jones,* of Clay Center, argued the cause, and *Wayne W. Ryan,* of Clay Center, and *Matt Guilfoyle,* of Abilene, were with him on the briefs for the applicant.

*Edward Rooney,* of Topeka, argued the cause, and *Edward F. Arn,* attorney general, *Harld R. Fatzer,* assistant attorney general, and *John Berglund, Jr.,* county attorney, were with him on the briefs opposing.

The opinion of the court was delivered by

THIELE, J.: Defendant was convicted of the offense of murder in the first degree and was thereafter sentenced as hereafter set forth. From the judgment of the trial court she duly perfected her appeal to this court, and thereafter filed her motion that this court fix and allow bail for her.

The questions whether defendant is entitled to bail, and whether her application therefor was filed in time, being of importance, this court set the motion for hearing and the matters are submitted on oral arguments made and written briefs filed. The first question is whether defendant is entitled to bail. If that question be answered in the negative, no question remains as to whether the application was timely made.

The journal entry of judgment discloses that as the result of a trial which commenced on March 8, 1948, the jury on March 12, 1948, returned its verdict that defendant was guilty of murder in the first degree; that time was fixed for a motion for a new trial which was heard by the trial court and denied on May 5, 1948; that on that date it was adjudged that defendant, for the crime of murder in the first degree of which the jury had found her guilty as charged in the information, be sentenced to be committed and confined in the state industrial farm for women, at Lansing, Kan., until discharged in due course of law; that defendant then filed her application for stay of sentence and execution and asked that court to allow and fix bail; that the court found and ordered that bail be denied and that execution of the sentence and judgment be stayed pending appeal; and that defendant then filed due notice of appeal to the supreme court, duly acknowledged, ordered a transcript and gave notice of her intention to apply to the supreme court for bail pending appeal. Under date of May 13, 1948, there were filed in the office of the clerk of the supreme court copies of the journal entry of judgment, of the notice of appeal and proof of service thereof and of the order for transcript.

Thereafter and on May 24, 1948, defendant filed in this court her written, verified application, asking the court to fix and allow bail to her until the final disposition of her case. In this motion it is

stated that it wàs stipulated between counsel for the state and for the defendant, with the consent of the trial court, that the penalty would not be submitted to the jury and that in case of conviction of murder in the first degree the penalty of death would not be inflicted and no penalty greater than life imprisonment would be included in the sentence, and that the state announced to the jury it was not asking a penalty of death. The state makes no contention that the statement is not correct.

The gist of defendant's contention that she is entitled to bail is that notwithstanding she was charged in the information with murder in the first degree under which the death penalty could have been assessed, in view of the stipulation as to the death penalty, and of the subsequent verdict in which the death penalty was not assessed, and of the sentence of the court on the verdict, under provisions of our constitution and statutes later mentioned, she is now entitled to bail as a matter of right.

Our constitutional provision respecting bail is section 9 of the bill of rights of our state constitution. Only the first sentence is of present importance and reads:

"All persons shall be bailable by. sufficient sureties excèpt for capital offenses, where proof is evident or the presumption great."

We note the following chronology of statutes:

1. Under G. S. 1868, chapter 31, section 8, persons convicted of murder were sentenced to death.

2. Under G. S. 1868, chapter 82, section 53, "Persons charged with an offense punishable with death, shall not be admitted to bail, when the proof is evident or the presumption great; . . ."

3. Under G. S. 1868, chapter 82, section 134, "All offenses are bailable by sufficient sureties, except murder, when the proof is evident or the presumption great." This section has never been amended and now appears as G. S. 1935, 62-1206.

4. By Laws 1907, chapter 188, section 1, the statute mentioned at 1 above was amended in such manner as to abolish the death penalty, and later appeared as R. S. 1923, 21-403.

5. By Laws 1911, chapter 233, section 1, the statute mentioned at 2 above was amended to read, "Persons charged with the crime of murder in the first degree shall not be admitted to bail," no change otherwise being made. It now appears as G. S. 1935, 62-619.

6. R. S. 1923, 21-403, referred to in 4 above, was amended by Laws 1935, chapter 154, section 1, in such manner as to reëstablish the death penalty for murder in the first degree, the amended statute appearing as G. S. 1935, 21-403.

7. A further amendment of the last-mentioned statute was made by Laws 1937, chapter 210, section 1. It appears as G. S. 1947 Supp., 21-403, and reads, in part:

"Every person convicted of murder in the first degree shall be punished by death, or by confinement and hard labor in the penitentiary of the state of Kansas for life. If there is a jury trial the jury shall determine which punishment shall be inflicted."

8. We note also the provision that women convicted of offenses against the criminal laws of this state shall be sentenced to the state industrial farm for women. (See G. S. 1935, 76-2505.)

Our code of criminal procedure dealing with appeals after conviction of a felony (G. S. 1947 Supp., 62-1724) provides that,

"If defendant seeks stay of execution of the sentence, or release from custody, or both, pending his appeal, he shall serve notice of his intention to appeal . . ."

and

"On the application of defendant the supreme court, . . . shall order execution of the sentence stayed, and *if the offense is bailable after conviction* shall fix the amount of the bond . . ." (Italics inserted.)

The above statute is section 3 of Laws 1937, chapter 274. Reference to the session laws will disclose that by section 6 eight former sections of the code of criminal procedure dealing with appeals, bail and similar matters, were repealed.

Defendant directs our attention to the provision of our bill of rights quoted above, and to *In re Schneck,* 78 Kan. 207, 96 Pac. 43; *In re Truskett,* 84 Kan. 869, 115 Pac. 575; and *In re Ball,* 106 Kan. 536, 188 Pac. 424, 8 A. L. R. 1348; as well as to *Walker v. State,* 137 Ark. 402, 209 S. W. 86, 3 A. L. R. 968, and argues that she is entitled to bail as a matter of right. Before discussing these cases we note the state's contention that the provision of the bill of rights refers to bail prior to conviction and not afterward, directing our attention to 8 C. J. S. 68, 6 Am. Jur. 61, and to *Ex parte Herndon,* 18 Ok. Cr. Rep. 68, 192 Pac. 820, 19 A. L. R. 804, and to *Ex parte Halsey,* 124 Ohio St. 318, 178 N. E. 271, 77 A. L. R. 1232, and to cases cited in the annotations in 19 A. L. R. 807 and 77 A. L. R. 1235, all of which support the general proposition that a

constitutional provision that all persons shall be bailable except for capital offenses where the proof is evident or the presumption is great, does not confer a right to bail pending appeal from a conviction. Defendant, however, directs our attention to *Walker v. State*, supra, where the supreme court of Arkansas held that one sentenced to life imprisonment upon recommendation of the jury upon conviction of murder for which a death penalty might have been inflicted, is entitled to bail under a statute allowing bail except in appeals from conviction of a capital offense. It is apparent the conclusion reached was based upon the provisions of a statute regulating bond on appeal. Notwithstanding what seems to be the almost unanimous rule, we shall not rest our decision upon the proposition the constitutional provision refers only to bail before conviction. We shall examine further the nature of the offense and whether our statutes confer any right to bail under the circumstances.

In *In re Schneck*, supra, the defendant sought release on bail. Defendant was arrested in March, 1908, on a warrant charging him with murder in the first degree committed in February, 1907, at which time the death penalty was in effect. At the time of his preliminary hearing the penalty had been changed to life imprisonment. Bail was denied and he instituted a habeas corpus proceeding in this court to obtain bail. Without detailing all that is said in the opinion, we note the court's holding that:

"A person charged with the crime of murder in the first degree, at a time when the statute prescribed the penalty of death for the offense, is not, where the proof is evident or the presumption great, entitled to bail, although the prosecution for the offense may have been commenced after the repeal of that penalty and the enactment of an amendment imposing the penalty of imprisonment for life." (Syl. ¶ 3.)

In *In re Truskett*, supra, defendant who had been convicted of murder in the second degree at a time when murder was not a capital offense, was denied bail pending appeal. He instituted proceedings in habeas corpus to be admitted to bail. This court considered the provisions of General Statutes 1909, section 6861, dealing with stay of execution and bail, and held that by reason of the statute he was entitled to bail as a matter of right. It is noted however that the above section was thereafter amended and as amended appeared as G. S. 1935, 62-1710. This latter section was repealed by Laws 1937, chapter 274, section 6. It is section 3

of this last act, now appearing as G. S. 1947 Supp. 62-1724, and heretofore mentioned, which now provides for stay of execution and release on bail. The Truskett case is not decisive of the question before us.

In *In re Ball*, supra, habeas corpus was instituted to obtain bail for one bound over on a complaint charging murder in the first degree. The case is of interest for its review of our constitutional and statutory provisions as to the right to bail, as well as for its many citations of decisions defining what is a capital offense, a matter later discussed. At the time of the decision, 1920, murder was not punishable by death, and the court's holding that murder in the first degree not being punishable capitally, under the self-executing provisions of the bill of rights, persons charged with that offense are bailable, is not decisive in view of the change in the statute prescribing the penalty which may be inflicted.

We next consider the nature of the offense.

In *In re Stevens, Petitioner*, 52 Kan. 56, 34 Pac. 459, this court considered whether an offense denounced in the crimes act and punishable by "confinement and hard labor for a term not exceeding two years, or in a county jail not less than six months" was a felony. Upon consideration the court held:

"An offense punishable—that is, that may be punished—by confinement and hard labor for a term not exceeding two years is a felony." (Syl. ¶ 1.)

In *State v. Bowser*, 155 Kan. 723, 129 P. 2d 268, defendant sought to withdraw a plea of guilty of manslaughter in the fourth degree, entered under a belief that if only a jail sentence were imposed, he would be guilty of a misdemeanor and not a felony. Reference is made to the opinion for a statement of the facts and the reasoning of this court, which held:

"Whether a criminal offense is a felony, under our statutes, is determined by the sentence which might lawfully be imposed, and not by the sentence actually imposed in a particular case." (Syl. ¶ 1.)

Neither party directs our attention to any of our own decisions defining a capital offense, nor does our research disclose any. We have noted that in *In re Ball*, supra, the court quoted decisions from other jurisdictions and reference thereto is made. Those decisions support statements appearing in 12 C. J. S. 1129, where in defining "Capital crime, felony or offense," it is said that the terms include murder in the first degree, murder punishable by death or

imprisonment at hard labor and do not include an offense in which death in no event can be inflicted. See, also, 6 Am. Jur. 57, to the same general effect. See, also, Bouvier's Law Dictionary (Rawle's Third Revision) where the words "Capital Crime" are defined: "One for which the punishment of death is inflicted."

Reasoning by analogy from our own cases, it would seem that if a crime for which a person may be sentenced to confinement and hard labor in the penitentiary is a felony (G. S. 1935, 62-104) regardless of the punishment actually inflicted, then if a person may be sentenced to death, his sentence is for a capital offense. There can be no doubt that when defendant was arrested and bound over for trial, assuming the proof was evident or the presumption great, she was not entitled to bail as a matter of right. Certainly after conviction it may no longer be contended the proof is not evident and the presumption great. In our opinion the fact the state did not ask the death penalty, or that the jury did not determine the death penalty should be inflicted, or that the court rendered judgment on the verdict, did not change the offense of which the defendant was charged. This is evident when it is remembered that if defendant should prevail in her pending appeal, and the case be remanded for a new trial, that trial will be on an information charging her with the offense of murder in the first degree under which the state may seek to have the death penalty inflicted. We think it may not be held that defendant is entitled to bail as a matter of constitutional right.

Neither do we think the statutes give defendant a right to bail. If G. S. 1935, 62-619 and 62-1206 are interpreted as having application after conviction, it is noted the first section specifically provides that "Persons charged with the crime of murder in the first degree shall not be admitted to bail when the proof is evident or the presumption great," and that the second section, although not quite so explicit, is to the same general effect. The only section dealing specifically with stay of execution and bail or bond pending appeal is G. S. 1947 Supp. 62-1724, and under it this court or any justice thereof may order execution of sentence stayed, "and if the offense is bailable after conviction" shall fix the amount of the bond. That statute gives this court no discretion in the matter of bail. The appealing defendant is entitled to bail as a matter of right or not at all. The last mentioned statute precludes any bail under the facts of the case before us.

In view of what has been said it is not necessary we discuss the question whether application for stay of execution and for bail was filed in time.

Defendant's application for this court to fix and allow bail for her is denied.