**BERMAN, Ex Parte.**
**KRAUSE, Ex Parte.**

Nos. 21482 & 21484.   Decided April 16, 1949.

Ohio Appeals, Eighth District, Cuyahoga County.

Land & Land, W. J. Martindale, Elsie Tarcai, Cleveland, for Norman Berman and Joseph Krause Relators.

Frank T. Cullitan, County Pros., Saul S. Danaceau, Asst. County Pros., Cleveland, for Respondent.

(DOYLE, J, HUNSICKER, J, of the 9th District sitting by designation in place of MORGAN, PJ, SKEEL, J.)

## OPINION

By HURD, J.

These are original actions in habeas corpus filed in this court. The petitioners represent that they are being restrained of their liberty by the Sheriff of Cuyahoga County, Ohio, at the jail of said County; that such restraint and imprisonment is contrary to law and without due process.

In substance, the affidavits supporting the applications for the writs set forth that the parties were taken into custody by the Sheriff at approximately two o'clock P. M. on April 14, 1949; that they were arrested under a writ of body attachment issued to the Sheriff of said County by a Judge of the Court of Common Pleas; that thereafter applications were made to the Court of Common Pleas to allow and fix bail pending the appearance of the parties for trial; that they were advised by the Court that their "arrest would be treated the same as the others" "that the treatment accorded in the other arrests was a failure to grant or deny bail;" that thereupon they requested an immediate or forthwith hearing on the merits of the charges and that they were advised by the court that it was not possible to accord such hearing before April 19, 1949, of the following week.

In the case of Ex Parte Norman Berman, No. 21482 (second arrest) application for a writ of habeas corpus was first filed within approximately two hours after the arrest of the petitioner. Upon hearing at the time (Thursday, April 14, 1949), there was not a sufficient showing that the petitioner would not be allowed bail or granted a hearing forthwith, and therefore the application at that time was denied. However, upon application for a re-hearing two days later, to-wit on April 16, 1949, the evidence disclosed that the petitioner was still confined in jail without bail and without prospect of trial until Tuesday of the following week, it appearing further that the trial court had refused to fix bond on application therefor. Thereupon this court vacated the Journal Entry refusing the writ and granted a rehearing upon the original application which had been filed on April 14, 1949.

Upon hearing in Ex Parte Krause and Ex Parte Berman on April 16, 1949, the evidence clearly showed that the allegations contained in the affidavits filed in support of the petitioners were true; that both petitioners had been held in close custody in county jail continuously from two or two-thirty P. M. of April 14, 1949. It appeared that the petitioners had been arrested upon body attachments issued **sua sponte by the trial**

court, based upon citations for contempt of court on account of certain letters addressed to the trial court in relation to the case of Fawick AirFlex Inc., v. United Electrical, Radio & Machine Workers of America Local No. 735, affiliated with the Congress of Industrial Organizations District No. 7, the said case having had its genesis in a labor dispute or strike in progress at the plant of the plaintiff in said case.'

**We are not here dealing with the question of the guilt or innocence of the accused.** That is for the trial court to determine upon trial on the issues made in the pleadings before that court. We are here dealing with basic fundamental constitutional rights. The sole question before this court for determination on these hearings in habeas corpus is:

**Do the accused have a right to bail pending trial?**

**Article I, Sec. 9 of the Constitution of Ohio** provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident, or the presumption great. Excessive bail shall not be required, nor excessive fines imposed."

A capital offense is one punishable by death. Where the proof is evident, or the presumption great, persons so accused are not entitled to bail. All other persons shall be bailable. This provision of the Constitution applies to charges for contempt of court as well as to other offenses against the peace and dignity of the State.

The dignity of our Courts must be maintained and the judicial process must be respected at all times and by all persons. A strong and independent judiciary is the bulwark of our liberties. But, no matter how much a Court, or a Judge thereof, may feel aggrieved by the conduct of persons suspected of or charged with contempt of court, neverthe-

Note 1: Other cases coming before this court, growing out of the same case, in which applications for writs of habeas corpus were allowed, when the trial judge refused or failed to set bail on application or grant trial forthwith, are as follows: Apr. 13, 1949, No. 21476, Ex Parte Jos. Kres; No. 21477, Ex Parte Freida Kreitner; No. 21478 Ex Parte Robert Evans; No. 21479, Ex Parte Norman Berman (1st arrest) (writs allowed by Skeel, (acting) Presiding Judge; Hurd J. Guernsey J. of 3rd Dist. sitting by designation in place Morgan P. J.) Apr. 14, 1949; No. 21480, Ex Parte Dolph M. Barnett; No. 21481 Ex Parte Foster McCurdy; (Skeel J. (acting) Presiding Judge and Hurd J.—writs allowed).

less, such an offense is not a capital offense and is bailable under the State and Federal Constitutions. To deny bail before trial, except in capital offenses, is a violation of a sacred basic human right guaranteed by the Constitution of the United States and the Constitution of Ohio. This Constitutional right transcends all other considerations of whatever kind or nature.

Article I, Section 9 of the Federal Constitution, and **Article I, Sec. 8 of the Ohio Constitution** provide that the privileges of the writ of habeas corpus shall not be suspended unless in cases of rebellion or the public security require it. **Article 4, Section 6 of the Ohio Constitution** provides that the Court of Appeals shall have original jurisdiction in habeas corpus. Therefore, there can be no doubt of the jurisdiction of this court to hear and grant relief in a case such as this, where the evidence clearly shows that the trial court has refused to allow bail or to grant a trial forthwith.

The Supreme Court of Ohio approved this procedure and defined the constitutional right in the case of **State of Ohio v. Bevacqua, 147 Oh St 20.** The pertinent part of the syllabus is as follows:

"But the constitutional right of non-excessive bail in bailable offenses, may be fullly protected by suing out a writ of habeas corpus in a court of competent jurisdiction."

At page 22 of the opinion the court say:

"Persons charged with crime have a constitutional right to bail, except in 'capital offenses where the proof is evident or the presumption great.' **Art. I, Section 9, Constitution of Ohio.** That section further provides that 'excessive bail shall not be required.' **Keeping an accused in jail by excessive bail is as much a denial of his constitutional right as refusing to fix bail.** To fully protect the rights of a person charged with a bailable offense it is necessary to give him immediate relief against an order refusing to reduce excessive bail so that he may not languish in jail * * *. There is a remedy, that is prompt and effectual. The accused may, upon refusal of a court to reduce the bail fixed, **sue out a writ of habeas corpus in a court of competent jurisdiction where a bail may be immediately given pending hearing** * * *. Upon the question the authorities are practically unanimous. The rationale of the doctrine is well set forth in the cases of Jones v. State, 146 Miss. 819, and In re Stegman, 112 N. J. Eq. 72." (Emphasis ours.)

**Sec. 12139, In Chap. 3 GC**, dealing with contempt of court, provides in part:

"Upon the return of a writ **when it is not conveient to hear the parties without delay, the court shall fix the amount of a bond to be given with surety,** to the satisfaction of the clerk, for appearance of the accused to answer the charge." (Emphasis ours.)

The members of this court are unanimously of the opinion that the mailing of a letter, the writing thereof not being done in the presence of the court, comes within the purview of the foregoing section of the General Code and that therefore upon return of the writ, when it was not convenient to hear the parties without delay, it is mandatory upon the trial court to fix the amount of the bond for the appearance of the accused at the time set for trial. The bond in such case is definitely not for purposes of punishment but rather to insure the appearance of the accused for trial at the time set.

Upon the hearing, some argument was advanced that these cases should be governed by §12136 GC which reads as follows:

"A court, or judge at chambers, summarily may punish a person guilty of misbehavior in the presence of or so near the court, or judge, as to obstruct the administration of justice."

As before stated, we are of the opinion that the instant cases do not come within the purview of the foregoing section. However, it is our further view that if these actions should be governed by §12136 GC it would be the duty of the court none the less to fix bail if it did not proceed summarily to punish the person found guilty. Failure of the court to punish summarily would not justify the commitment of the accused for trial at some later date, without fixing bond for appearance. The constitutional guarantees must still prevail.

Courts are not vested with powers of arbitrary conduct. There are, however, cases in which a judge may exercise that power which is known as judicial discretion. This power of judicial discretion, however, does not give the right to a judge to refuse the guarantees of the Constitution to persons who

appear as litigants before him. These constitutional rights extend to **all persons** regardless of their political, business, religious or social affiliations.

The provisions contained in the Bill of Rights respectively of the Federal and Ohio Constitutions defining the fundamental rights of all persons to equality of justice, the freedoms of religion, speech, press and assembly, the privacy of the home, the right of trial by jury, in criminal cases, the guarantees against cruel and unusual punishment and against excessive bail, and providing for the right to bail before trial (except in capital cases) **are self-executing and require no legislative or statutory authority** to support or implement them.

In the world of today, the great enduring basis for liberty and freedom is in the government of the United States with its great ideal of equal justice under law and its basic concept that ours is a government of laws and not of men.

"From time immemorial, the most conspicuous feature of history has been the struggle between liberty and authority. Today, as in ages past, we are not without tragic proof that the exacted power of some governments to ignore the inalienable right of the individual to liberty and to resort to lawless enforcement of the law is the handmaid of tyranny. No higher duty, no more solemn responsibility rests upon the courts than to maintain the constitutional and statutory shields planned and inscribed to preserve liberty under law and protect each individual from oppression and wrong from whatever source it may emanate."

**(White, Justice, in Ware v. Dunn, 8 Oh Ap (2d) 936 at page 945.)**

In the instant cases the evidence is clear that there has been neither trial, summary punishment or bail. Therefore, it is our opinion that until such time as trial is had, the accused are clearly entitled to reasonable bail as guaranteed by the federal and state constitutions.

Holding these views, the writs of habeas corpus are granted forthwith, conditioned upon the petitioners giving bond with sureties to the satisfaction of the clerk of court in the sum of $500.00 each for the appearance of the accused to answer the charges against them.

DOYLE, J, HUNSICKER, J, concur in judgment and opinion.