**HICKMAN v. O'CONNELL.**

No. 29032.

St. Louis Court of Appeals.

Missouri.

March 16, 1954.

John T. Sluggett, III, St. Louis, for petitioner.

Edward L. Dowd, Circuit Atty., Wm. J. Shaw, Asst. Circuit Atty., R. A. Bruntrager, First Asst. Circuit Atty., St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is an original proceeding in habeas corpus filed by petitioner for the purpose of being admitted to bail. Our writ issued to Jeremiah O'Connell, Chief of Police of the City of St. Louis, respondent, commanding him to produce the body of petitioner in this court and make return to the writ on March 15, 1954.

It appears from the return that on February 26, 1954, a warrant was issued by the Circuit Attorney of the City of St. Louis charging the petitioner with robbery in the first degree by means of a dangerous and deadly weapon. This warrant was duly filed in the St. Louis Court of Criminal Correction and is at present pending in said court. Thereafter, petitioner was released in said cause under a bond in the penal sum of $7500.

It further appears that on March 9, 1954, another warrant was issued by the Circuit Attorney charging petitioner with robbery

in the first degree by means of a dangerous and deadly weapon while petitioner was at liberty under the $7500 bond hereinbefore mentioned. This latter charge was duly filed in the St. Louis Court of Criminal Correction and is now pending in that court.

It appears from petitioner's verified petition, and not denied in the return, that petitioner thereafter applied to the 'St. Louis Court of Criminal 'Correction to be released on bond, but said court refused petitioner bail on said charge.

It further appears from the return that petitioner has been convicted four times for armed robbery—once in a State court of Missouri, and three times in the State of Iowa. The punishment accorded petitioner in Iowa was fifty years imprisonment for each offense, the sentences to run concurrently. On the Missouri charge, petitioner served eight years in the penitentiary.

Respondent's return further states that "the defendant is bailable as far as the State of Missouri is concerned," and that the State "will not oppose the court's setting bond."

Respondent was represented in these proceedings by an assistant to the Circuit Attorney of the City of St. Louis.

The Bill of Rights, Article 1, § 20, V.A. M.S. Constitution of Missouri, provides: "That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great."

▮ Armed robbery by means of a dangerous and deadly weapon is a capital offense under Missouri Law. Section 560.135 RSMo 1949, V.A.M.S. But the mere charge of such a crime does not justify the refusal of bail. In Ex parte Johnson, Mo. Sup., 280 S.W. 702, the court said:

"Under Ex parte Verden, 291 Mo. 552, 237 S.W. 734, it is the duty of the prosecuting attorney to disclose facts upon which he relies to justify denial of bail to the accused. No presumption of guilt of murder in the first degree will be indulged from the mere institution of a criminal proceeding or filing of an indictment or information. The question of whether or not the proof is evident or the presumption great that the accused is guilty of murder in the first degree must be determined from the evidence produced upon the application for bail."

▮ The State has not only failed to bring forward evidence which would justify denial of bail in this case, but has in its return, in effect, conceded petitioner's right thereto. Under these circumstances, petitioner is clearly entitled to bail. Ex parte Johnson, Mo.Sup., 280 S.W. 702; Ex parte Verden, 291 Mo. 552, 237 S.W. 734.

It is, therefore, ordered that petitioner be remanded to the respondent until such time as petitioner shall give bond in the penal sum of $15,000, with good and sufficient sureties to be approved by the St. Louis Court of Criminal Correction; said bond, if and when approved, to be filed with the Clerk of the St. Louis Court of Criminal Correction.

BENNICK, J., concurs.

RUDDY, J., not sitting.