Roy Lee Beeler

*v.*

State of Tennessee.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

Rehearing denied February 5, 1960.

G. Edward Friar and Earl Leming, Knoxville, for plaintiff in error.

William D. Grugett, Assistant Attorney General, for the State.

. MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was indicted on a four count indictment. The first three counts of this indictment charged burglary in the third degree while the fourth count charged the plaintiff in error with being an habitual criminal. A jury was impaneled and first tried the plaintiff in error on the first three counts, that is, whether or not he had committed burglary in the third degree. They found him guilty under these three counts and sentenced him to five years in the State penitentiary. Immediately after they had returned their verdict on the first three counts of the indictment the same jury was read the fourth count of the indictment which specifically charges three other separate and distinct convictions. After the proof was heard on this count of the indictment and the charge of the court the jury found him guilty of being an habitual criminal and he was sentenced accordingly to spend the rest of his natural life in the State penitentiary. From this convicton of being an habitual criminal the defendant has seasonably appealed, filed assignments and brief. Able arguments have been heard. We now have the matter for disposition.

The first six assignments are directed to the insufficiency of the State's proof on the habitual criminal count of the indictment. The argument based on these assignments is primarily pitched on the proposition that

the State in its proof under the fourth count of this indictment failed to prove the conviction for burglary in the third degree which this jury had just returned. The argument is, and it is true, that the only proof offered by the State under this fourth count was three former convictions. These three former convictions were proved by a deputy clerk of the criminal court who by reference and reading from various minute books showed to the jury that Roy Lee Beeler had formerly been convicted of crimes which would bring him within the habitual criminal statute (Section 40-2801 et seq., T.C.A.). The proof on these three separate convictions was substantiated by various deputy sheriffs or former deputy sheriffs of Knox County who identified the plaintiff in error as the party convicted under these three former convictions. At the time the clerk read the minute book of these various convictions exception was made to his so reading and the trial court sustained this objection to the extent of providing that certified copies would be furnished for the record. These were furnished and are in the record.

As said previously the argument based around these assignments is to the effect that no fourth conviction was proved. The conviction had in this trial of burglary in the third degree was before the same jury who were sworn to try this plaintiff in error on this indictment, the first three counts being the burglary charge and the fourth count being the habitual criminal charge. It was not necessary to separately prove to this jury, who were sworn to try this whole thing, (this same jury had just convicted this plaintiff in error) this fourth charge.

The trial judge charged the jury in reference to this fourth count of the indictment that:

"Upon completion of the trial of the felony charged in this indictment, the State has now put the defendant, Roy Lee Beeler, to trial as an habitual criminal as provided by Sections 40-2801 et seq., of the Tennessee Code Annotated. This charge as an habitual criminal is included in the indictment herein as the fourth count thereof and the defendant likewise pleads not guilty to being an habitual criminal."

Then the trial judge specifically charges this jury by reading the various sections of the Code applicable to an habitual criminal and what the Code provides as to one being an habitual criminal and then charges them that these things must be proven to the satisfaction of the jury beyond a reasonable doubt. Then he enumerates the various things as set out in the Code, that is, that the defendant had been three times convicted of offenses which were defined by the Code Sections as read and that the plaintiff in error was the same identical person who had been "heretofore convicted of the required number and character of offenses enumerated," and that neither of the three prior convictions were for petit larceny, or for any offense punishable as petit larceny and that each of said three "prior" convictions were for separate offenses committed at different times and on separate occasions. That "upon the fourth conviction he may be regarded as an habitual criminal". In other words the trial judge plainly and clearly charged the jury as to the applicable law, that is, that three requisite offenses had been committed on three separate times prior to the conviction of which they had just convicted him. It clearly seems to us that under such circumstances, there being no proof to the contrary, that there is sufficient and ample proof before this jury

of the four requisite offenses to constitute the plaintiff in error an habitual criminal.

■ The next assignment is to the effect that the court erred in trying the case piecemeal, that is, in trying the plaintiff in error under the first three counts of the indictment for committing burglary in the third degree and then after a conviction thereon in trying the plaintiff in error for being an habitual criminal, a requisite of which to make him so was the conviction for which he had just been convicted. It seems to us that instead of the trial judge being criticized for this procedure that he was being overly fair with the accused. By thus proceeding the only evidence as heard on the first three counts was the evidence as to whether or not the plaintiff in error was guilty of the charge as made in these three counts of being guilty of burglary in the third degree. The plaintiff in error does not question this procedure, that is, of whether or not he was guilty of burglary in the third degree.

By thus trying the lawsuit the evidence of the past character of the plaintiff in error and the crimes that he had committed was not before the jury in their consideration of this charge, that of burglary in the third degree—the only thing that they had before them was whether or not he was guilty of the charge under these three counts of the indictment. Of course if the plaintiff in error had taken the witness stand in defense of these three counts of the indictment he would have been subject to cross examination as to other crimes when prior convictions had been charged because then it would be proper and a proper part of the State's case upon the trial of the principal offense and when one voluntarily testifies in his own behalf he could be cross examined as

to prior convictions for the purpose of establishing that element, that is, of prior convictions as a part of the State's case. *Commonwealth v. Fortier,* 258 Mass. 98, 155 N.E. 8; *Smith v. Commonwealth,* 182 Va. 585, 30 S.E.2d 26, 153 A.L.R. 1150.

As to the method to which this matter was tried, that is, separating the burglary charge and the habitual criminal charge before the same jury, 25 Am.Jur., page 270, Sec. 23, has this to say:

"After the jury return a verdict of guilty on the first part, the second part of the indictment may be read to them without reswearing them, and they may be charged to inquire on that issue."

That is exactly what was done here and as we have heretofore said we think it was a fair way to try the accused.

█ A majority of the authorities hold that the identity of name of the defendant and the person previously convicted is prima facie evidence of the identity of the person, and in the absence of rebutting evidence, supports a finding of such identity. In *Tipton v. State,* 160 Tenn. 664, 28 S.W.2d 635 this Court held that on the proof of identity of name of the defendant that the defendant is implied to be the one named and controverting evidence is necessary to raise an issue of identity. In this case more was done than merely proving the various convictions requisite by proof of various officers that under these convictions the plaintiff in error was one and the same party. Here the jury (not separately impaneled) had first hand facts presented as to one of the four crimes required and legal proof as to the requisite other three crimes. Of course collateral proof as to the basis of these former convictions cannot be

gone into. The State here offered and presented record proof of these former convictions which was substantiated by affirmative evidence as to the identity of the plaintiff in error.

It will not be our purpose to hereinafter take up seriatim the remaining six assignments of error. What we will say though is in direct answer thereto and expresses our view of the matter.

■ The plaintiff in error's constitutional rights were not violated. There certainly was due process of law in this proceeding. The plaintiff in error was fully appraised of the offense charged against him and he had ample opportunity to present his defense. The United States Supreme Court, speaking through Mr. Justice Hughes, later Chief Justice Hughes, has affirmed the constitutionality of "habitual criminal" statutes when the proceeding was conducted as here conducted. In the case of *Graham v. State of West Virginia,* 224 U.S. 616, 32 S.Ct. 583, 585, 56 L.Ed. 917, that Court said:

"The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted. Statutes providing for such increased punishment were enacted in Virginia and New York as early as 1796 and in Massachusetts in 1804; and there have been numerous acts of similar import in many states. This legislation has uniformly been sustained in the state courts * * * and it has been held by this court not to be repugnant to the Federal Constitution. *Moore v. Mis-*

*souri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301; *McDonald v. Commonwealth of Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542. \* \* \*

"It cannot be said that the prisoner was deprived of due process of law because the question as to former conviction was passed upon separately. While it is familiar practice to set forth in the indictment the fact of prior conviction of another offense, and to submit to the jury the evidence upon that issue, together with that relating to the commission of the crime which the indictment charges, still in its nature it is a distinct issue, and it may appropriately be the subject of separate determination. Provision for a separate and subsequent determination of his identity with the former convict has not been regarded as a deprivation of any fundamental right. It was established by statute in England that, although the fact was alleged in the indictment, the evidence of a former conviction should not be given to the jury until they had found their verdict on the charge of crime. \* \* \*

"What has been said, and the authorities which have been cited, sufficiently show that there is no basis for the contention that the plaintiff in error has been put in double jeopardy, or that any of his privileges or immunities as a citizen of the United States have been abridged. Nor can it be maintained that cruel and unusual punishment has been inflicted."

See cases cited in *Commonwealth of Pennsylvania ex rel. Sullivan v. Ashe,* 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43; also see *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683.

■ The violation of the Habitual Criminal Law is not a capital offense and thus the provision of the Statute (Sec. 40-2510, T.C.A.) which allows the defendant 15 peremptory challenges in "capital cases" has no application.

"A capital case or offense is one in or for which the death penalty may, but need not necessarily be inflicted." Black's Law Dictionary, 3rd Edition.

We have made a rather extensive investigation of the matter and find that as far as we can find all authorities are to the same effect. See *Askins v. United States,* 102 U.S.App.D.C. 198, 251 F.2d 909, 911; *Hickman v. O'Connell,* Mo.App., 266 S.W.2d 9, 10; *Chaney v. State,* 36 Ala. App. 374, 56 So.2d 385, 387; *Ex parte Berman,* 86 Ohio App. 411, 87 N.E.2d 716, 718; *State v. Christensen,* 165 Kan. 585, 195 P.2d 592, 596; *Lee v. State,* 31 Ala.App. 91, 13 So.2d 583, 587; *Allison v. State,* 204 Ark. 609, 164 S.W.2d 442, 443; *Ex parte Berry,* 198 Wash. 317, 88 P.2d 427, 428, and *Commonwealth v. Capalbo,* 308 Mass. 376, 32 N.E.2d 225, 231.

This case has been well briefed and argued on both sides. We have enjoyed working it up and feel after giving the matter a very careful consideration that there is no error herein. The result is that the judgment of the trial court must be affirmed.

Plaintiff in error herein is no relation to the late Attorney General of this State by the same name.

## On Petition to Rehear

The plaintiff in error through counsel has filed a very courteous and capable petition to rehear herein.

We have carefully considered this petition which in effect raises one question, that is, that we concluded from this record that there were four convictions and to do so we must base one of these convictions purely on the memories of the jurors who tried and convicted this plaintiff in error on the fourth offense. The argument is that this fourth conviction was never proved and that we were in error in holding that due to the fact that the jury had just tried this plaintiff in error on this fourth offense, and found him guilty, that it was competent for them to find that this was proof of a fourth conviction.

We have again carefully considered the matter and are satisfied that this is sufficient proof of a fourth conviction.

There are no new authorities cited and this argument of course is a repetition of the argument originally made on this question. We, though, have again considered the matter and are satisfied that this is sufficient proof on behalf of the State to establish these four convictions.

The result is that the petition to rehear must be overruled.