**STATE of Tennessee, Appellee,**

v.

**William Spencer PINKSTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 30, 1982.

Permission to Appeal Denied by Supreme Court Dec. 30, 1982.

A.C. Wharton, Jr., Public Defender, Walker Gwinn, John Dice, Asst. Public Defenders, Memphis, for appellant.

William M. Leech, Jr., State Atty. Gen. and Reporter, Gordon W. Smith, Asst. State Atty. Gen., Nashville, Thomas D. Henderson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of armed robbery and was then found to be an habitual criminal. He was sentenced to life imprisonment.

The defendant says the evidence was insufficient to show he had become an habitual criminal, says the trial judge should have instructed the jury the defendant would be ineligible for parole if convicted as an habitual criminal, says the trial court should have allowed him to make an offer of proof or to identify in the record a statement which he says a witness made to the police and says at the close of a witness's testimony he was erroneously denied a previous statement made by the witness.

The judgment is affirmed.

The defendant does not attack the sufficiency of the evidence going to the robbery charge, and we need not set this evidence out.

The defendant contends the state did not show he was the person who had committed the previous felonies which established the defendant was an habitual criminal.

The state introduced the minutes from the criminal court clerk's office, which showed a person with the same name as the defendant had committed several previous felonies. A police officer testified an identification number is assigned to a person when they are charged on an offense and this number is used in all subsequent charges against that person. The officer testified the number assigned to the defendant was given to him when he was

charged with the offenses for which he had been convicted. Additionally, a picture with the identification number assigned to the person depicted was introduced.

There was no evidence introduced by the defendant in the case.

 When court records show that a person with the same name as the person on trial has committed the requisite number of previous offenses to establish a charge of habitual criminality, such proof, in the absence of proof to the contrary, is sufficient to support a verdict finding the defendant has become an habitual criminal. *Beeler v. State*, 206 Tenn. 160, 332 S.W.2d 203 (1959).

The evidence of the criminal court records, the police records and the photograph gave the jury more than enough evidence to conclude the defendant was the same person who had committed the previous offenses. The evidence is sufficient to support a finding of guilt beyond a reasonable doubt.

 The defendant argues the trial court erred in refusing to instruct the jury that he would be ineligible for parole on a finding of habitual criminality. There is no merit to this issue because there was no written request for such charge, the jury should not be told the aftereffect of a verdict, *Houston v. State*, 593 S.W.2d 267 (Tenn.1980), and a person sentenced as an habitual criminal is eligible for parole consideration after thirty (30) years, T.C.A. § 40–3613.

 The defendant was not erroneously denied statements for cross-examination purposes as contemplated in T.R.Cr.P. 16(a)(1)(E).

The victim of the robbery gave the police a description of the person who had committed the robbery. The police wrote this description in their report. However, the record shows the witness did not know or had never seen what was written. The witness neither signed or otherwise adopted the writing as her own. The police report contained no statement by the witness within the meaning of Rule 16. *See State v. Robinson*, 618 S.W.2d 754 (Tenn.Cr.App. 1981).

The refusal of the trial judge to allow the defendant to make the police report a part of the record in order to have this Court pass on whether it was a previous statement of the witness was not error in the context of this case. The record shows the witness had not signed or otherwise adopted the statement attributed to her in the report. Therefore, we are fully able to determine there was no error committed in this regard.

Beyond this, the police officer testified to what he said the witness had told him. If there were inconsistencies in the description given by the witness, the jury heard them. Further, the defendant did not seek to recall the witness for further examination about any claimed discrepancies.

WALKER, P.J., and DUNCAN, J., concur.