IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1998 SESSION

FILED

September 16, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ROY EARL COLLINS, | * | C.C.A. # 03C01-9709-CR-00389 |
| Appellant, | * | KNOX COUNTY |
| VS. | * | Hon. Mary Beth Leibowitz, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction--First Degree Murder) |
| Appellee. | * | |

For Appellant:

Kimberly A. Parton
Attorney
P.O. Box 116
Knoxville, TN  37901-0116

For Appellee:

John Knox Walkup
Attorney General and Reporter

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

Randall E.  Nichols
District Attorney General
and
Robert L. Jolley, Jr.
Assistant District Attorney General
City-County Building
Knoxville, TN  37902

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The petitioner, Roy Earl Collins, appeals the trial court's denial of post-conviction relief. The issues presented for review are as follows:

(1) whether the petitioner was denied the effective assistance of counsel; and

(2) whether the trial court properly denied the petitioner's motion for expert services.

We find no error and affirm the judgment of the trial court.

On February 20, 1984, the petitioner entered a guilty plea to first degree murder. The trial court imposed a life sentence. Thereafter, the petitioner filed a motion to set aside the plea on several grounds. He alleged that he had been unduly pressured by his family, that he was fearful of unfair treatment by the trial judge, and that he was under the influence of Valium at the time of his guilty plea. The trial court denied the motion to withdraw the plea. On direct appeal, this court affirmed, specifically rejecting each of the claims and holding that the plea was knowingly and voluntarily entered. <u>State v. Earl Roy Collins</u>, No. 1054 (Tenn. Crim. App., at Knoxville, Sep. 24, 1987). Application for permission to appeal was denied by our supreme court on November 30, 1987.

In 1989, the petitioner filed a petition for post-conviction relief alleging, among other things, that he had not received the effective assistance of counsel before entering a plea. The petitioner was appointed counsel who filed an amendment alleging that the petitioner was incompetent at the time of the plea and that his trial counsel had been ineffective by failing "to fully explore the known existence of petitioner's severe brain injury and its effects...."

2

The trial court denied relief, holding that the issues presented had been either previously determined or waived. The trial court also held that it had no authority to order medical testing so as to determine whether the injury had any effect upon the voluntariness of the original plea. On direct appeal, this court reversed and remanded, holding that "the petitioner ha[d] not yet had the opportunity to present his claim that trial counsel was ineffective for having failed to properly investigate, consider, or pursue any possible defenses related to the alleged brain injury." Roy Earl Collins v. State, No. 03C01-9303-CR-00096, slip op. at 10 (Tenn. Crim. App., at Knoxville, Apr. 8, 1994). This court concluded that whether trial counsel was ineffective before the entry of the plea was a different issue than those grounds reviewed in the direct appeal of the conviction. Id.

After remand, the petitioner filed a motion for the appointment of an expert to do a physiological, psychological, and neurological examination. During the course of an evidentiary hearing, the petitioner claimed that he had suffered a skull fracture, a jaw fracture, and broken ribs and legs in a mining accident in 1950 while he was incarcerated at Brushy Mountain State Penitentiary. None of the medical records of the incident are now available. The petitioner stated that after his accident, he had occasional blackouts, some memory loss, and headaches. He testified that he was in a coma for an appreciable period of time and was hospitalized for over a year after the accident. The petitioner specifically recalled his plea of guilt and explained that he did so because he believed that the trial judge at that time was prejudiced, that he would not get a fair trial, and that it was in his best interest to plead guilty. While the petitioner denied that he had been evaluated by a psychiatrist, it was established on cross-examination that evaluations had been performed by both the Helen Ross-McNabb Center in Knoxville and the Middle Tennessee Mental Health Institute. Medical records from an evaluation at the

3

Middle Tennessee Mental Health Institute as to the effect of those injuries on the voluntariness of his criminal acts were made an exhibit to the evidentiary hearing. No abnormalities were found in these tests other than alcoholism and an anti-social personality. The petitioner was deemed to be competent to stand trial, found not judicially committable, and determined to be able to assist his counsel in the preparation of his defense. The petitioner's intelligence quotient was in the average range. No brain damage was found.

At the conclusion of the evidentiary hearing, the trial court made detailed findings of fact and conclusions of law. It determined that the petitioner had suffered no significant brain injuries or damage in the 1950 incident and that the guilty plea was knowingly and voluntarily entered. The trial court refused to grant expert services. In this appeal, the petitioner complains that the evidence preponderates against the findings of the trial court.

I

In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668 (1984). This two-part standard, as it applies to guilty pleas, is met when a petitioner establishes that, but for his counsel's errors, he would not have pled guilty and would have insisted on trial. Hill v. Lockhart, 474 U.S. 52 (1985). Before the 1995 amendments to the Post-Conviction Procedure Act, the burden was on the petitioner to show that the evidence preponderated against the findings of the trial judge. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978). Otherwise,

4

the findings of fact by the trial court were conclusive. Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

Apparently, the petitioner had been drinking heavily when he killed the victim, Evelyn Faye Hunley. Initially, the state sought the death penalty. Trial counsel, aware of the serious head injury that petitioner suffered in the 1950 accident, sought and received mental evaluations of the petitioner. In exchange for a plea of guilt, the state agreed to a sentence of life imprisonment. The petitioner has been unable to establish how his trial counsel might have been deficient. In fact, the record demonstrates that trial counsel sought and received a pretrial mental evaluation of the petitioner similar to that now requested in the post-conviction setting. Evidence that the petitioner was hospitalized for over a year does not, standing alone, alter our view of the quality of trial counsel's performance. It is apparent from the testimony at the evidentiary hearing that the petitioner entered a guilty plea because it was in his best interests to do so. See North Carolina v. Alford, 400 U.S. 25 (1970). In our assessment, the evidence does not preponderate against the trial court's conclusion that the plea was knowingly and voluntarily entered. Moreover, the petitioner has failed to establish any deficiency in the performance of his counsel.

II

Next, the petitioner argues that he was entitled to expert services on due process grounds. While recognizing that post-conviction procedures are not constitutionally required, the petitioner cites Pennsylvania v. Finley, 481 U.S. 551 (1987), for the proposition that once the state chooses to provide a post-conviction remedy, it must do so in a manner that meets constitutional guidelines. The petitioner asserts that his entitlement to an evidentiary hearing implies that the

5

hearing must be conducted in a meaningful manner and that because his asserted ground for relief would necessarily depend upon the use of an expert witness, his lack of access to an expert becomes an effective bar to relief. In the alternative, the petitioner argues that this qualifies as a capital case because the state had originally sought the death penalty and in consequence, our statutory scheme entitles him to expert services. See Tenn. Sup. Ct. Rule 13.

The General Assembly has not authorized funds for experts in the trial of non-capital cases. Tenn. Code Ann. § 40-14-207(b). As a result, the trial courts do not have the authority to allow a defense expert in a non-capital case absent a threshold showing of deprivation of constitutional due process. In State v. Edwards, 868 S.W.2d 682 (Tenn. Crim. App. 1993), a case cited by the petitioner but distinguishable because it was not a post-conviction case, it was held that an indigent defendant, in order to receive expert assistance at state expense, had the burden of establishing a particularized need that the expert would be of material assistance in the establishment of his defense theory. Edwards, 868 S.W.2d at 697. Because the standard was deemed "flexible and determined on a case-by-case basis[,]" whether the accused had met the test was discretionary with the trial court; however, this court quoted with approval certain language in State v. Parks, 417 S.E.2d 467 (N.C. 1992) (quoting State v. Holden, 362 S.E.2d 513, 522 (N.C. 1987)):

> [M]ere hope or suspicion that favorable evidence is available is not enough to require that such help be provided.

Edwards, 868 S.W.2d at 697.

In Owens v. State, 908 S.W.2d 923 (Tenn. 1995), our supreme court held that, under similar circumstances, an indigent post-conviction petitioner in a capital case is entitled to expert services at state expense:

6

> The trial court should grant the motion [for assistance] if, at [an ex parte] hearing, the petitioner demonstrates that investigative or expert services are necessary to ensure the protection of the petitioner's constitutional rights.... Specifically, a petitioner must demonstrate by specific factual proof that the services of an expert or an investigator are necessary to establish a ground for post-conviction relief, and that the petitioner is unable to establish that ground for post-conviction relief by other available evidence. An unsupported allegation to that effect will not suffice.

Id. at 928-29.

Less than one month after the opinion in Owens, the supreme court filed its ruling in Davis v. State, 912 S.W.2d 689 (Tenn. 1995). In Davis, the court ruled that "the state is not required to provide expert services to indigent non-capital post-conviction petitioners." 912 S.W.2d at 696-97. The court reasoned that "in the absence of a Constitutional right to counsel [in post-conviction cases], there can be no Constitutional right to support services at state expense." Id. at 696. Because Owens was decided on statutory grounds, our supreme court specifically refrained from deciding whether capital post-conviction petitioners have a right under either the state or federal constitution to publicly-funded expert services. Owens, 908 S.W.2d at 926. Whether the observations of this court in Edwards might be persuasive on that point remains to be seen.

The case at issue would not, in our view, merit the appointment of an expert under any argument presented by the petitioner. Initially, the record demonstrates that the petitioner actually received the services of experts prior to the entry of the guilty plea. The experts addressed the same concerns expressed by the petitioner in his petition for post-conviction relief. Trial counsel acted within the professional guidelines by seeking expert assistance during the course of his investigation. Of equal importance is that the ruling in Davis precludes the

7

appointment of state-funded experts for an indigent in a post-conviction setting. Moreover, the record simply does not support the petitioner's contention that his right to due process, if one exists in this context, has been violated in these circumstances; a "mere hope ... [for] favorable evidence .. is not enough...." Holden, 362 S.E.2d at 522.

Finally, this no longer qualifies as a capital case. In Beeler v. State, 332 S.W.2d 203, 207 (Tenn. 1959), our supreme court adopted a definition of a capital case from Black's Law Dictionary, 3d ed., as follows:

> A capital case or offense is one in or for which the death penalty may, but need not necessarily be inflicted.

The definition remains unchanged after all of these years. Because the defendant was no longer at risk at the time he filed his post-conviction claim, his petition cannot be classified as a capital case. The ruling in Owens would not apply.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Joseph M. Tipton, Judge



_____
David H. Welles, Judge

8