IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2001

## JOHN PAUL SEALS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamblen County**
**No. 98CR001      James E. Beckner, Judge**

_____

**No. E2001-01756-CCA-R3-PC   Filed July 11, 2002**

_____

The petitioner, John Paul Seals, appeals as of right the Hamblen County Criminal Court's denial of his petition for post-conviction relief, which the court deemed to be filed outside of the statute of limitations. He contends that the trial court should have granted his motion for the appointment of an additional psychological expert in order that he might prove that his mental incompetence tolled the statute of limitations. We affirm the trial court's denial of the petition.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Greg W. Eichelman, District Public Defender, for the appellant, John Paul Seals.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Chris Scruggs, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner pled guilty to first degree murder in 1988 and received a life sentence. In January 1998, the petitioner, through a "next friend," filed his second petition for post-conviction relief. The petition alleged that the petitioner's mental incompetence, which began before his guilty plea, tolled the statute of limitations for filing a post-conviction petition. The trial court dismissed the petition as time-barred without holding an evidentiary hearing. On appeal, our supreme court held that "due process requires tolling of the statute of limitations where a petitioner is denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence." Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000). Determining that the petitioner had met the threshold burden of raising the mental incompetence issue, the supreme court remanded the case to the trial court. Id.

On remand, the trial court granted the petitioner's motion for a mental evaluation. It ordered that the Forensic Services Unit at Middle Tennessee Mental Health Institute (MTMHI) evaluate his competency to proceed with his post-conviction petition and determine if mental incompetence existed in a manner that would toll the statute of limitations as set forth in the supreme court's opinion in this case. On February 20, 2001, our supreme court held that due process requires tolling of the statute of limitations only if the petitioner demonstrates that he cannot "manage his personal affairs" or understand "his legal rights and liabilities." State v. Nix, 40 S.W.3d 459, 462-63 (Tenn. 2001). A copy of this opinion was sent to the Forensic Services Unit at MTMHI.

Dr. Rokeya Farooque and Dr. Samuel Craddock interviewed the petitioner on February 27, 2001, and March 16, 2001, and reviewed an interview with the petitioner's brother and records of his mental status while incarcerated along with numerous other documents relating to his incarceration and legal proceedings. They reported that at the February 27 interview, the petitioner was reluctant to speak with them and gave guarded responses to their questions. On March 12, 2001, the petitioner wrote a letter to Dr. Craddock stating that he was afraid to speak with him in the first interview for fear of ending up in a "paper gown in a padded cell" but that he was now willing to be open. At the second interview, the petitioner stated that he had heard voices since before he was incarcerated and that the government conducted experiments on him by putting chemicals in his food in order to control his mind.

In their report, Drs. Farooque and Craddock concluded that the petitioner's description of his mental condition in the March 16 interview was probably inaccurate because it differed from what he had told previous clinicians. They concluded that although he had shown signs of clinical depression during his incarceration, "there was no period of time during the course of [his] incarceration in the Department of Correction in which the defendant was unable to act in his own best interest." They also determined that the petitioner could assist with his defense and has a "rational understanding of the proceedings concerning his post-conviction petition and the tolling of the statute of limitations."

Thereafter, the petitioner moved the court to appoint Dr. Eric Engum, arguing that in light of MTMHI's report and the significance of his case, an evaluation by an independent psychological expert for the defense was appropriate. The trial court found that no legal or factual basis supported it appointing an independent psychological expert. It denied the motion and dismissed the petition because the petitioner failed to present evidence that would satisfy the requirements of Nix for tolling the statute of limitations.

The defendant contends that the trial court erroneously failed to appoint an attorney to represent him at the time that he filed his post-conviction petition, when the petition alleged existing mental problems. He acknowledges that he was successful in his pro se appeal of the trial court's initial dismissal of the petition and that the trial court appointed him an attorney after the supreme court remanded his case. Nevertheless, he invites this court to provide direction for future cases in which indigent petitioners seek to allege that their mental incompetence tolls the post-conviction statute of limitations. We can discern no prejudice to the defendant or the judicial process from the

absence of an attorney at an earlier stage in the proceedings. T.R.A.P. 36(b). With regard to future petitioners in the same circumstances, we decline to render an advisory opinion. See State v. Brown & Williamson Tobacco Corp., 18 S.W.3d 186, 192 (Tenn. 2000) (noting that it is well-settled that courts should not give advisory opinions).

The petitioner also contends that the trial court erred in denying his request for an additional expert. He argues that although Rule 706, Tenn. R. Evid., permits the trial court to choose the expert witness it appoints, he should have been allowed to choose his own psychological expert given the complexity of this case. He maintains that he needed additional expert services in order to prepare to meet his burden of showing mental incompetence by clear and convincing evidence at the evidentiary hearing. The state contends that the petitioner's conclusory request for his own expert cites no deficiency in MTMHI's evaluation and gives no good reason for needing an additional evaluation. Thus, it argues that the trial court properly denied the defendant's request and determined that his petition was time-barred.

In order to show that due process requires the tolling of the post-conviction statute of limitations, the petitioner must make a prima facie showing in the post-conviction petition that he or she is not able to manage personal affairs or understand his or her legal rights or liabilities. Nix, 40 S.W.3d at 462-63. This prima facie showing requires the petitioner to state specific factual allegations regarding his or her inability to manage personal affairs or understand legal rights or liabilities in the petition. Id. at 464. The petitioner may satisfy this requirement by attaching affidavits, depositions, reports or other credible evidence of his or her mental condition to the petition. Id. It is not essential that the petitioner use materials from mental health professionals, but, instead, the petitioner may call upon anyone with knowledge of his mental condition such as family members or prison officials. Id. "Even if a petitioner satisfies the prima facie showing, at the hearing the petitioner bears the burden of proving by clear and convincing evidence that the statute of limitations should be tolled for incompetence, and that as a result of the tolling, the petition is timely." Id. (citing Tenn. Code Ann. § 40-35-210(f)).

In Nix, the court noted that it had remanded Seals, the present petitioner's case, to the trial court despite the fact that the general allegations of mental incompetence in the petition were insufficient to meet the standard set in Nix because the issue of the appropriate standard was not raised in Seals. Nix, 40 S.W.3d at 465 n.5. As discussed above, upon remand, the trial court granted the petitioner's first request for a mental expert. Rule 13(5), Tenn. S. Ct. R., gives the trial court discretion to permit expert services in the trial or appeal of post-conviction proceedings in a capital case if the expert services are necessary to ensure the protection of the petitioner's constitutional rights. See also Owens v. State, 908 S.W.2d 923, 927-28 (Tenn. 1995) (holding that an indigent post-conviction petitioner in a capital case is entitled to state-funded expert services). On the other hand, our supreme court has held that "the state is not required to provide expert assistance to indigent non-capital post-conviction petitioners." Davis v. State, 912 S.W.2d 689, 696-97 (Tenn. 1995). The present case is not a capital case because the defendant was sentenced to life imprisonment. See Beeler v. State, 206 Tenn. 160, 168, 332 S.W.2d 203, 207 (1959) (observing that a capital case is one in which the defendant may be punished by death).

Furthermore, the petitioner has failed to show a particularized need for additional expert services. Even in the convicting trial, the trial court is not obligated to grant expert services unless the indigent defendant shows a particularized need for the expert. State v. Scott, 33 S.W.3d 746, 753 (Tenn. 2000) (assessing the trial court's denial of a DNA expert to an indigent, non-capital defendant on the direct appeal of his conviction). The trial court must determine on a case-by-case basis whether the defendant has made a threshold showing of particularized need, which involves demonstrating that he or she would not receive a fair trial without the expert and that the expert's assistance is reasonably likely to aid the defendant materially in preparing the case. Id. In showing a particularized need, the defendant must refer to the facts and circumstances of the case. Id. "'[U]nsupported assertions that [an] expert is necessary to counter the State's proof are not sufficient.'" Id. (quoting State v. Barnett, 909 S.W.2d 423, 431 (Tenn. 1995)).

In the present case, the petitioner's motion for an additional psychological expert states that "given the full report of Middle Tennessee Mental Health Institute (see attached) and the significance of this case, it is appropriate that the [petitioner] be granted the services of his own, independent psychological expert." He makes no reference to which portion of MTMHI's report supports his need for an additional evaluation. On appeal, he contends that the additional expert was necessary for him to meet his burden of proving mental incompetence at the evidentiary hearing by clear and convincing evidence. In light of these unsupported assertions, we agree with the trial court's finding that an independent psychological evaluation has no basis in law or fact.

Because the petitioner has failed to show by clear and convincing evidence that he suffered from mental incompetence that tolled the statute of limitations, the trial court properly dismissed the post-conviction petition as time-barred. Based upon the foregoing and the record as a whole, we affirm the trial court's denial of post-conviction relief.

_____
JOSEPH M. TIPTON, JUDGE