### COMMONWEALTH *vs.* MARY MOORE.

Plymouth.    October 16, 1894. — November 30, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Perjury — Evidence — Statute — Husband and Wife — Presumption of Coercion.*

Where a wife at the trial of a criminal case is a witness under the Pub. Sts. c. 169, § 18; for her husband, who is present in the prisoner's dock, and she commits perjury, there is no presumption that her testimony was given under the coercion of her husband, and she is not exempt from the penalties imposed for the offence.

INDICTMENT for perjury. At the trial in the Superior Court, before *Bishop*, J., it appeared in evidence that the perjury was committed under the following circumstances.

The husband of the defendant, John Moore, had been complained of for illegally keeping and exposing liquors for sale, and upon a hearing before the Police Court of the City of Brockton had been found guilty. On the trial of his appeal, at the October term, 1893, of the Superior Court, he took his place in the prisoner's dock, and was defended by counsel. After the government had rested its case, his counsel called his wife, the defendant in this case, to the stand as a witness in his behalf. She took the oath, went upon the witness stand, and committed the perjury for which she was indicted. During all the time that she was testifying, and when called to the stand, her husband, John Moore, was present in court in the prisoner's dock.

At the trial of this indictment against her, the government introduced evidence tending to show the facts above stated, and

then introduced evidence tending to prove the perjury. There was also evidence showing that after the trial of the husband, John Moore, for illegally keeping liquor as aforesaid, the defendant was overheard to say that, if a new trial of that case was granted, she would have to give the same testimony again, and would get five years for perjury.

This was all the evidence submitted, and upon it the defendant asked the judge to rule: " 1. If the defendant committed perjury as alleged, in her husband's case and in his presence, it is a presumption of law that she acted under the coercion and control of her husband. And this is a conclusive presumption unless overthrown by affirmative evidence. 2. If the defendant committed perjury in the presence of her husband, or while he was near enough to hear, see, or know that she was committing perjury, then she is presumed to be acting under his coercion, and, in the absence of any evidence to the contrary, is not liable, and must be acquitted. 3. There is no evidence in this case sufficient to control the presumption that the defendant, at the time she committed perjury, was acting under the coercion and control of her husband, and the jury should be instructed to return a verdict acquitting the defendant."

The judge gave the first two instructions requested, and declined to give the third; and further instructed the jury that in such a case the question of fact to be determined is whether a defendant really and in truth acted under the coercion of the husband, or acted of her own free will and independently of any coercion or control by him; that the presumption of coercion exists, but may be rebutted, and the question of fact is to be determined from all the circumstances surrounding the act; that the ultimate question whether the wife acted under the coercion of the husband or independently of it is to be determined in view of the presumption arising from his presence and of the testimony or circumstances tending to rebut it; and that in this case all the circumstances surrounding the act were to be judged of by the jury.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*S. J. Thomas & P. R. Blackmur,* for the defendant.

*R. O. Harris,* District Attorney, for the Commonwealth.

LATHROP, J.   This case was tried as if the offence charged were an ordinary crime committed by the defendant in the presence of her husband.   Treating it as such, we have no doubt that the rulings given, and the refusal to rule as requested, were right.   It is a general rule, that, where a criminal act is done by a wife in the presence of her husband, or in proximity to him, a presumption in her favor is raised that she is acting under his coercion.   This presumption is, however, not conclusive, and may be rebutted by testimony or the attendant circumstances, and it is for the jury to say whether or not she acted under coercion or of her own free will.   *Commonwealth* v. *Daley*, 148 Mass. 11, and cases cited.

In the case at bar it cannot be said that there was no evidence to rebut the presumption.   Under the Pub. Sts. c. 169, § 18, cl. 2, the wife could not be compelled to be a witness on the trial of the complaint against her husband.   The language of the statute is, " Neither husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint, or other criminal proceeding, against the other."   When, therefore, the wife took the stand, at the call of the counsel for her husband, she could have invoked the protection of the court, if she did not wish to testify.   The jury had the right to determine whether her testimony was given voluntarily or under coercion.

We are inclined to the opinion, moreover, that where a wife testifies in behalf of her husband, under the Pub. Sts. c. 169, § 18, the rule that there is a presumption of coercion does not apply, and that the first two rulings requested and given were too favorable to the defendant.   The statute, by saying that a wife shall not be compelled to testify, apparently assumes that, if she does testify, she is a voluntary witness. · The testimony is in open court, and is given under the solemnity of an oath. It is to be considered by the jury, but very little weight ought to be given to it if there is a presumption that it is given under coercion of her husband.   The better rule would seem to be, that where a wife is a witness under the statute above cited, and commits perjury, she is not exempt from the penalties imposed for that offence.

While we have found no case bearing directly upon this point, the cases decided under the next clause of the same

section of the statute, which allows a person charged with an offence or crime to testify in his own behalf at his trial, are somewhat analogous. Such a person cannot be compelled to testify, but if he offers himself as a witness, and testifies, he is treated as any other witness, and is obliged to testify to any matter pertinent to the issue in the case. *Commonwealth* v. *Mullen*, 97 Mass. 545, 546. *Commonwealth* v. *Bonner*, 97 Mass. 587, 589. *Commonwealth* v. *Morgan*, 107 Mass. 199, 205. *Commonwealth* v. *Nichols*, 114 Mass. 285, 287. *Commonwealth* v. *Tolliver*, 119 Mass. 312. *Commonwealth* v. *Sullivan*, 150 Mass. 315, 317. And it has been held in other jurisdictions that, if a person so testifying commits perjury, he may be indicted therefor. *Mackin* v. *People*, 115 Ill. 312. *Mattingly* v. *State*, 8 Tex. App. 345. *State* v. *Maxwell*, 28 La. An. 361.

In either view of the case, the order must be,

*Exceptions overruled.*