## COMMONWEALTH *vs.* JOHN JOHNSON.

Suffolk.   November 20, 1899. — January 4, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Perjury — Indictment — Witness.*

If the defendant in a criminal case offers himself as a witness, he may be asked if he has ever been arrested before the arrest on the charge for which he is then on trial, if he has ever been convicted of any offence, and if he has ever served a sentence in prison or for a crime; and if he answers such questions falsely, he may be convicted of perjury.

An indictment for perjury, in answering falsely certain questions asked for the purpose of showing a previous conviction of crime, need not set forth that when the questions were asked a copy of a previous conviction had been offered in evidence or was in the possession of the District Attorney.

Where the record only in a criminal case is before this court on appeal, no question whether the verdict was against the evidence is open.

INDICTMENT for perjury.   In the Superior Court, after a verdict of guilty, the defendant filed a motion in arrest of judgment.

This motion was overruled ; and the defendant appealed to this court.   The facts appear in the opinion.

*W. H. Sullivan,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

MORTON, J.   This was an indictment for perjury.   There was a verdict against the defendant, and the case comes here on appeal from the order of the Superior Court overruling the defendant's motion in arrest of judgment.   The grounds of the motion are : First, that no offence was sufficiently charged in the indictment ; second, that the verdict was against the evidence ; third, that it was against the law ; and fourth, that the evidence in regard to which the perjury was alleged to have been committed was not material to the issue.   The defendant had been indicted for larceny, and it was at the trial for that offence that the perjury was alleged to have been committed. He offered himself as a witness, and was asked if he had ever been arrested before on the charge for which he was then on trial, if he had ever been convicted of any offence, if he had ever served a sentence in prison, and if he had ever served a sentence for a crime.   His answer to each question was a denial.

The defendant could not have been compelled to testify, and his neglect or refusal to take the stand in his own behalf would not have created any presumption against him.   Pub. Sts. c. 169, § 18, cl. 3.   When he became a witness he waived his privilege, and was bound to testify in regard to any matters that were pertinent to the issue.   *Commonwealth* v. *Moore,* 162 Mass. 441, and cases cited.   *Commonwealth* v. *Smith,* 163 Mass. 411, and cases cited.

His truthfulness was a material question, (*Commonwealth* v. *Smith,* 163 Mass. 411, 432,) and it is expressly provided by statute that " the conviction of a witness of a crime may be shown, to affect his credibility."   Pub. Sts. c. 169, § 19.   The matters concerning which he was asked were therefore clearly pertinent to the issue.   There is nothing to show, if that is now material, that the defendant's rights were not fully protected or that the record in regard to any previous conviction was not produced.

The only objection urged to the sufficiency of the indictment

is, that it does not set forth that when the questions were asked a copy of any previous conviction had been offered in evidence or was in the possession of the District Attorney. It was not necessary that it should be so alleged. That was a matter of evidence and not of substantive allegation in the indictment.

The record only is before us, and no question therefore whether the verdict was against the evidence is here.

We see no ground on which it can be said that the verdict was against the law.

*Motion in arrest of judgment overruled ; judgment to stand.*