COMMONWEALTH *vs.* JOSEPH F. FORTIER.

Hampshire.    December 1, 1926. — January 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Motor Vehicle,* Operation.    *Evidence,* Of conviction.

If, at the trial on appeal to the Superior Court of a complaint, charging that the defendant at a certain time and place operated a motor vehicle on a way while under the influence of intoxicating liquor and that on a certain previous date before a certain trial justice he had been "duly convicted of the crime of operating an automobile while under the influence of intoxicating liquor," the defendant testifies in his own behalf, he may be asked on cross-examination whether he was before the trial justice described in the complaint on the date there described, stating it, whether he then was charged with operating an automobile while under the influence of intoxicating liquor, whether he pleaded guilty, whether he paid a fine, and what was the amount of the fine; and his affirmative answers to such questions are evidence warranting a conviction of a second offence under G. L. c. 90, § 24; St. 1924, c. 183, without production of the record of the court showing such previous conviction.

COMPLAINT, received and sworn to in the District Court of Hampshire on August 18, 1925, charging that the defend-

ant on August 6, 1925, at the village of Lithia, a part of Goshen, "unlawfully did operate a certain automobile while under the influence of intoxicating liquor," and that on August 5, 1923, "before Albion G. Pierce, a trial justice of Methuen in our county of Essex, said Joseph F. Fortier was duly convicted of the crime of operating an automobile while under the influence of intoxicating liquor."

On appeal to the Superior Court, the case was tried before *Dillon*, J., then a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. The defendant was sworn as a witness in his own behalf and the record discloses, as a part of his cross-examination which was admitted subject to his exception, the following:

"Q. You were before the trial justice court in Methuen on September 5, 1923, were you not? A. Yes. — Q. And you were charged there with operating an automobile while under the influence of liquor? A. Yes. — Q. And did you pay a fine that day? A. Yes. — Q. And how much? A. $50. — Q. (By the judge.) What was the charge? What were you charged with before the trial justice of Methuen on September 5, 1923? A. To be under the influence of liquor. — Q. (By the judge.) You were charged with being under the influence of liquor? A. Yes, sir. — Q. (By the judge.) And what did you plead? A. Pleaded guilty. — Q. (By the judge.) You pleaded guilty? A. Yes, sir. — Q. (By the district attorney.) And you were charged there with operating an automobile while under the influence of liquor? A. Yes."

No records of the trial justice's court of Methuen were produced by the Commonwealth or offered in evidence. At the close of the evidence, the defendant requested the judge to rule that there was not sufficient evidence to find the defendant guilty on the second allegation of the complaint, namely, of the prior conviction, on the ground that no record of such conviction was introduced in evidence. The judge declined so to rule. There was a verdict of guilty. The defendant alleged exceptions.

The case was submitted on briefs.

*D. D. O'Brien*, for the defendant.

*T. J. Hammond,* District Attorney, for the Commonwealth.

RUGG, C.J.   The defendant was tried upon a complaint charging him with operating an automobile on a way while under the influence of intoxicating liquor, and further charging him on a named date before a specified court with having been previously convicted of operating an automobile under the influence of intoxicating liquor.

The allegation in the complaint of prior conviction of the same offence, entailing as it does under G. L. c. 90, § 24, as amended by St. 1924, c. 183, a more severe sentence in the event of conviction than is required for a first offence, made the former conviction a part of the essential description and character of the offence charged. *Commonwealth* v. *Harrington,* 130 Mass. 35. *Commonwealth* v. *Holley,* 3 Gray, 458. *Walsh* v. *Commonwealth,* 224 Mass. 39, 40.

No record of conviction of the prior offence was in evidence. The defendant offered himself as a witness in his own behalf, and subject to his own exception testified on cross-examination that he pleaded guilty to a charge of the prior offence as charged in the complaint and paid a fine in a court of competent jurisdiction in this Commonwealth.   The question is, whether the admission of this testimony was competent over the defendant's objection.   The contention of the defendant is that such prior conviction could have been shown only by the record of the court wherein he was convicted and not by his own testimony received subject to his exception. This question has never arisen for decision in this Commonwealth.

It is the settled rule that, although a defendant in a criminal proceeding cannot be compelled to give evidence against himself, yet, when at his own request he becomes a witness in his own behalf, he may be cross-examined at large and may be questioned as to all matters relevant to the charge against him.   Whatever he has said or done, or omitted to say or do, having a legitimate bearing on his guilt, may be the rightful subject of interrogation while he is on the witness stand. *Commonwealth* v. *Smith,* 163 Mass. 411, 431, and cases collected. *Commonwealth* v. *Johnson,*

175 Mass. 152, 153. *Commonwealth* v. *Tolliver*, 119 Mass. 312, 315. It is not open to doubt that, if the defendant had pleaded guilty to the complaint, such plea would have covered every element charged therein and that the court might have proceeded to sentence without further proof of the prior conviction. It is equally clear that, when made out of court, a confession by the defendant of the offence charged in the complaint, or an admission by him of that part of the complaint relating to the earlier offence, would have been admissible in evidence against him without the production of the record. The prior conviction in the case at bar was set out at length in the complaint. It thus was "fully and plainly, substantially and formally, described." Art. 12 of the Declaration of Rights. The defendant was given ample notice that he was charged with such prior conviction. There was no possibility of surprise. The conviction was for an offence of the same nature as the new matter set out in the complaint. In these circumstances it was a subject about which the defendant may be presumed to have accurate knowledge. It is a general rule that the best evidence must be produced, or its absence accounted for. But, as already suggested, in criminal cases plea of guilty, confession, or admission is accepted under the rules of law as doing away with necessity of record evidence. So far as concerns evidence of guilt, there is no sound distinction in principle between a confession or an admission by one charged with crime made outside of court and a confession or an admission made on the witness stand when one charged with crime offers himself as a witness. The reference to "confession of the party" in St. 1817, c. 176, § 6, as one method of showing prior conviction, seems to have been declaratory of the common law rather than a new method of proof. *Ross's Case*, 2 Pick. 165. *Plumbly* v. *Commonwealth*, 2 Met. 413. See *Commonwealth* v. *Richardson*, 175 Mass. 202. The defendants in criminal causes could not be witnesses until the passage of St. 1866, c. 260.

The chief reliance of the defendant is upon *Commonwealth* v. *Walsh*, 196 Mass. 369, followed in *Commonwealth* v. *Danton*, 243 Mass. 552, and *Commonwealth* v. *Hayes*, 253 Mass.

541, where it was held, following a line of earlier decisions, that when it was sought to affect the credibility of a witness, whether a defendant or not, by showing that he had been convicted of crime, the record of the court must be produced and the fact cannot be shown by interrogation of the witness. The decision in *Commonwealth* v. *Walsh* confessedly was founded on precedent and the court declined to overrule earlier adjudications. We are not inclined to extend that principle to cases not within its terms although more or less analogous. That class of cases, while perhaps not widely divergent from the case at bar, is nevertheless distinguishable. When a cross-examiner attacks the credibility of a witness, there is reason in holding him to some degree of strictness in proof. A defendant in a criminal case volunteers as a witness and cannot be compelled to testify. Plea of guilty, confession, and admission are terms frequently used and well understood in the criminal law. *Commonwealth* v. *Haywood*, 247 Mass. 16, 18. They have no relevancy to a witness whose credibility is sought to be affected by showing conviction of crime. They are applicable to a defendant charged with crime. They involve in appropriate instances the establishment of the fact of prior conviction of a defendant without production of the record.

It is to be observed that the rights of the defendant were carefully guarded. He was not asked whether he had been convicted. The word conviction has a technically exact meaning, *Attorney General* v. *Pelletier*, 240 Mass. 264, 310, 311, which possibly a witness or defendant might not understand. The questions directed to the defendant elicited the facts of plea of guilty and of payment of fine, facts which could not be misconceived by any defendant and which connote the final judgment of conviction. The conclusion is that there was no error in the admission of the evidence.

*Exceptions overruled.*