JAMES PIERCE SISTRUNK V. STATE

No. 31,044. December 2, 1959
Motion for Rehearing Overruled February 17, 1960

*Jim Martin, C. A. Droby, Robert H. Stinson, Jr.*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *John Mead, Robert E. Lyle, A. D. (Jim) Bowie, Phil Burleson, James M. Williamson,*

Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

The offense is assault with intent to murder, with a prior conviction for an offense of like character alleged for enhancement; the punishment fifteen years under Art. 62, V.A.P.C.

The sufficiency of the evidence to sustain the conviction is not challenged insofar as the facts are concerned and for this reason we adopt the statement of the same as set out in appellant's brief.

"The appellant is James Sistrunk. His 17-year-old stepdaughter, Patty, became infatuated with Eugene Herrin, who is the 19 year old son of the complainant, Coy H. Herrin, Sr. Patty and Eugene had, for some time, been considering marriage. The appellant felt that the children were too young to be married at that time.

"The homes of both the Sistrunks and the Herrins were situated in Irving, Dallas County, Texas. All members of both the families were acquainted, if not on the friendliest of terms. Patty and Eugene had been going together for more than a year. The Herrins approved and the Sistrunks tolerated the relationship.

"On the night of August 14th, 1958, at about mid-night, Patty left the Sistrunk home via her bed-room window in her pajamas. She met Eugene who it would seem, just happened to be driving by the home at the time.

"In other words, Patty and Eugene eloped! They went to New Mexico to be married by a relative of the Herrins.

"When the appellant's wife awakened on the morning of the 15th she discovered that her daughter was missing from her bedroom. She told her husband. When he returned from work, in the late afternoon of the 15th, and found that his step-daughter was still absent from home, he armed himself with a rifle, went to his car, and drove to the Herrin residence which was only a short distance from his home.

"When he arrived at the Herrin residence, the appellant found Coy H. Herrin, the complainant. The appellant drove into

76

the yard of the Herrin home. He wanted to know where he could find Eugene. While the appellant was still in his car there was an argument between the appellant and Coy H. Herrin. There was a scuffle over the rifle, which the appellant had in his car. There was a shot. The complainant, Coy Herrin, was seriously injured.

"It is the position of the State that the injury was the result of a deliberate act, while the appellant testified that the shooting was accidental."

Under appropriate instructions this issue was submitted to the jury who resolved it against the appellant, and we find the evidence sufficient to support its verdict.

On appeal reliance is had upon the state's failure to prove that the offense of "assault with a deadly weapon with intent to murder" (the Arizona prior conviction plead for enhancement) was "a felony less than capital" as alleged in the indictment.

While it is true that the state did not prove such fact in making out its case in chief, the appellant testifying in his own behalf answered the following question in the affirmative. "You received a sentence of from twelve to twenty-five years *as is shown in the papers heretofore admitted in court,* did you not?"

When the appellant admitted that he had been convicted in Arizona in the case alleged for enhancement, we hold that as a matter of law he admitted all the allegations in the indictment relating to such case, including the fact that it was a felony less than capital.

Finding no reversible error, the judgment is affirmed.