421 P.2d 517

**STATE of Arizona, Appellee,**

v.

**Wayne Homer SEYMOUR, Appellant.**

**No. 1698.**

Supreme Court of Arizona.

In Banc.

Dec. 14, 1966.

Rehearing Denied Jan. 17, 1967.

· Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, and Grant S. Laney, Deputy Public Defender, Phoenix, for appellant.

UDALL, Justice.

On December 20, 1965, an information was filed in the Superior Court of Maricopa County charging the appellant, Wayne Homer Seymour, hereinafter referred to

as defendant, with the crime of assault with a deadly weapon on one Martin Edward Klem. By an addendum to the information it was alleged that defendant had suffered a prior felony conviction in the State of Texas for burglary. At his arraignment defendant pled not guilty and denied the previous conviction. The jury returned a verdict of guilty of the crime charged and the court directed a verdict of guilty of the prior conviction. Thereafter, defendant was sentenced as a second offender under A.R.S. §§ 13–1649 and 13–1650 to a term of not less than ten nor more than twelve years. From the judgment and sentence thereon defendant appeals.

According to our well established rule, we must review the evidence in the light most favorable to sustaining the conviction. On the evening of November 8, 1965, the complaining witness, Martin Edward Klem, was watching television in the living room of the home of defendant's estranged wife while his fiancee, an employee of defendant's wife, was washing dishes in the kitchen. Upon hearing a dog barking, Klem got up from the sofa and started walking toward the front door, but before he reached it, defendant entered the house displaying a drawn pistol. Klem asked defendant what the gun was for and he answered, "it might be for you." Defendant began moving toward the kitchen from whence dishwashing noise was emanating. Klem told defendant that his wife was not in the kitchen and that it was Klem's fiancee who was washing dishes, but defendant continued toward the kitchen. Being apprehensive for his fiancee's safety, Klem grabbed defendant's hand which held the gun and attempted to disarm him. Klem did finally subdue defendant and call the police, but not before defendant fired the pistol once, the bullet going through a wall and into the kitchen, and repeatedly tried to bring the gun to bear on Klem.

The defendant presents two questions to this Court for review. His first contention is that there was not sufficient evidence to sustain the verdict of guilty of assault with a deadly weapon.

Assault is defined in A.R.S. § 13–241, subsec. A:

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

A loaded pistol is a deadly weapon, such that if the assault is committed with said weapon it constitutes the crime of assault with a deadly weapon under A.R.S. § 13–249. Gonzalez v. State, 21 Ariz. 385, 188 P. 872.

The testimony was in conflict as to many of the facts surrounding the alleged crime charged, but a mere conflict of evidence does not concern us if there is substantial evidence in support of the judgment below. State v. Rivera, 94 Ariz. 45, 381 P.2d 584. We are of the opinion that there is ample support in the evidence in this case for the jury's verdict and that it should not be disturbed.

The jury could have found from the fact that a bullet was fired from defendant's pistol into the kitchen that the gun was loaded and thus a deadly weapon; and further that defendant therefore had the present ability to commit a violent injury on the person of Klem. See Territory v. Gomez, 14 Ariz. 139, 125 P. 702, 42 L.R.A., N.S., 975.

Klem's testimony that defendant attempted to bring the pistol to bear on him is clearly substantial evidence to sustain a jury's finding that defendant attempted to cause injury to the complaining witness. The unlawfulness of defendant's attempt to inflict bodily injury on Klem was a question to be determined by the jury by reference to all the surrounding facts, including the right of defendant to be where he was, the status of the complaining witness and the degree of force used by defendant in resisting Klem's effort to disarm him. State v. Manis, 95 Ariz. 27, 386 P.2d 77; State v. Fields, 92 Ariz. 53, 373 P.2d 363. We are satisfied that there

was sufficient evidence to uphold the jury's resolution of this issue against defendant.

Defendant also challenges the competency and sufficiency of the proof to support the verdict as to the charge of the prior conviction of defendant. Defendant was charged in the information with a previous conviction in the State of Texas for burglary, which he denied at his arraignment. The State produced no evidence of defendant's former offense; however, defendant took the witness stand during the trial and was asked on cross-examination if he had ever been convicted of a felony. Defendant answered that he had been convicted in San Angelo, Texas, of the felony of burglary. At the conclusion of the trial the judge directed a verdict of guilty of the prior conviction and thereafter sentenced defendant pursuant to A.R.S. §§ 13–1649 and 13–1650, which provide for the imposition of additional punishment.

The issue now before us is whether an admission of a prior felony conviction by the defendant, elicited on cross-examination, is conclusive and negates the need for further proof of the previous conviction. We have not previously had occasion to decide this question but many jurisdictions which have passed on the issue have held that a prior conviction may be sufficiently established by defendant's testimony on cross-examination. See: (Arkansas) Jackson v. State, 226 Ark. 731, 293 S.W.2d 699; (D.C.) Kendrick v. United States, 99 U.S. App.D.C. 173, 238 F.2d 34; (Iowa) State v. Shepard, 247 Iowa 258, 73 N.W.2d 69; (Massachusetts) Commonwealth v. Fortier, 258 Mass. 98, 155 N.E. 8; (New York) People v. Warner, 244 App.Div. 833, 279 N.Y.S. 639, affirmed 269 N.Y. 597, 199 N.E. 689; (Texas) Sistrunk v. State, 169 Tex.Cr.R. 74, 331 S.W.2d 323; (Virginia) Smith v. Commonwealth, 182 Va. 585, 30 S.E.2d 26, 153 A.L.R. 1150; 24B C.J.S. Criminal Law § 1968(b) note 50.65. Contra: (California) People v. Carrow, 207 Cal. 366, 278 P. 857.

It is provided in Rule 180, Arizona Rules of Criminal Procedure, 17 A.R.S., that a prior conviction is sufficiently established by the plea or admission of the accused at his arraignment. We have held with reference to A.R.S. § 13–163, which states that a defendant in a criminal action shall not be compelled to be a witness against himself, that where the defendant voluntarily takes the stand, his rights are not violated by cross-examination with respect to previous convictions which have been alleged and are part of the State's case. State v. Taylor, 99 Ariz. 85, 407 P.2d 59.

Defendant, herein, had knowledge of the prior conviction alleged in the information, so, he was bound to know when he took the witness stand, that he might be cross-examined concerning it. It seems to us that if a former conviction is sufficiently established by an admission of the accused at his arraignment, such should also be sufficiently established by his admission on the witness stand, when he voluntarily chose to subject himself under oath to cross-examination with respect to a previous conviction. An admission on cross-examination is surely the strongest evidence available to prove a prior conviction for it may be said with certainty that there is no danger that an accused will falsely testify that he has been previously convicted and thus, the truth of the fact is assured.

■ In the instant case, the former conviction admitted by defendant on the stand was the same conviction charged in the information, i. e. "felony of burglary in Texas." We think that in such a case, the production of other evidence by the State to show the previous conviction would have been an idle formality and therefore, we are satisfied there was sufficient proof to support the verdict as to the charge of the prior conviction of defendant.

The second issue for decision is should the question of defendant's previous conviction have been submitted to the jury notwithstanding defendant's admission of conviction in open court. Rule 180, Arizona Rules of Criminal Procedure, provides that

a defendant who is charged in the indictment or information with a prior conviction shall be asked at his arraignment whether he has been previously convicted.

"If he answers that he has not * * * the question whether or not he has been previously convicted shall be tried by the jury which tries the issue upon the plea of not guilty * * *."

We are of the opinion that it would be an "unwarranted refinement of technicality" to hold that in spite of defendant's own unequivocal admission of a prior conviction for the same felony in the same state as charged in the information, for the jury nevertheless to be required to pass upon the question. This being so, it must have been intended that Rule 180 be read with reference to Rule 291, Arizona Rules of Criminal Procedure, in certain circumstances. Rule 291 states:

"When a previous conviction of another offense is charged in the indictment or information, the jurors, if they find a verdict of guilty of the offense with which he is charged, shall also, *unless the defendant admits the prior conviction,* find whether or not he has been previously convicted. * * *" (Emphasis added.)

▮ We interpret the phrase "unless the defendant admits the prior conviction" to cover those situations such as in the case at bar. Hence, we hold that the trial judge under the facts of this case need not have submitted the question of defendant's prior conviction to the jury and therefore, that the judge's direction of the verdict was correct.

Other points raised by defendant are devoid of merit and need not be herein discussed.

For the foregoing reasons, the judgment and sentence of the court below are affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.