## 470

445 P.2d 553

**STATE of Arizona, Appellee,**

v.

**Bernard FRAND, Appellant.**

No. 1859.

Supreme Court of Arizona.

In Banc.

Oct. 2, 1968.

Rehearing Denied Nov. 12, 1968.

Darrell F. Smith, then Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, for appellant.

McFARLAND, Chief Justice:

Bernard Frand, hereinafter referred to as defendant, was charged with the crime of forgery, in violation of A.R.S. § 13–421. He was further charged with a previous conviction for the crime of forgery, a felony; judgment was alleged to have been entered on the 26th day of November 1962 in the Superior Court in the State of Arizona, County of Coconino. Also, a previous conviction for the crime of grand larceny, a felony, was charged; judgment was allegedly entered on the 8th day of November 1952 in the 8th Judicial Court of the State of Nevada for the County of Clark. Defendant was convicted of the crime of forgery with a prior conviction, and was sentenced to a term of not less than ten years nor more than twelve years in the Arizona State Prison. From the conviction and sentence defendant appeals.

During the trial defendant took the stand and on cross-examination admitted two prior convictions. The court directed the jury to find the allegations of the first prior conviction of forgery to be true. The State waived the allegations of the second prior conviction. The court, in passing judgment and sentence on defendant, stated:

"IT IS THE JUDGMENT OF THE COURT that you, Bernard Frand, are guilty of the crime of Forgery (Passing), a felony, with a Prior Conviction."

It is the contention of defendant that the sentence was defective and void for the reason that the court, in passing judgment, did not set forth the nature or kind of crime for which defendant had been previously convicted. The written judgment and sentence of the court reads, omitting the formal parts, as follows:

"IT IS THE JUDGMENT AND SENTENCE OF THIS COURT that you [defendant] be confined in the Arizona State Penitentiary at Florence, Arizona, for a period of not less than ten (10)

years nor more than twelve (12) years, the sentence to date from the date of your incarceration in the Maricopa County Jail on January 7, 1967."

We have held that where defendant takes the stand and on cross-examination admits prior conviction, it is sufficient to support the verdict as to such charge in the information. State v. Armstrong, 103 Ariz. 174, 438 P.2d 411; and State v. Seymour, 101 Ariz. 498, 421 P.2d 517. In State v. Seymour, supra, we said:

"In the instant case, the former conviction admitted by defendant on the stand was the same conviction charged in the information, i. e., 'felony of burglary in Texas.' We think that in such a case, the production of other evidence by the State to show the previous conviction would have been an idle formality and therefore, we are satisfied there was sufficient proof to support the verdict as to the charge of the prior conviction of defendant.

\* \* \* \* \* \*

"\* \* \* Rule 291 states:

" 'When a previous conviction of another offense is charged in the indictment or information, the jurors, if they find a verdict of guilty of the offense with which he is charged, shall also, *unless the defendant admits the prior conviction,* find whether or not he has been previously convicted. \* \* \* (Emphasis added.)'

"We interpret the phrase 'unless the defendant admits the prior conviction' to cover those situations such as in the case at bar. Hence, we hold that the trial judge under the facts of this case need not have submitted the question of defendant's prior conviction to the jury and therefore, that the judge's direction of the verdict was correct."

The facts in the instant case are similar to those of State v. Seymour, supra. Defendant admitted on cross-examination that he had been convicted of a felony twice. When asked what those felonies were, he stated:

"A    Grand larceny in Nevada.

"Q    What was the other one?

"A    Forgery in Flagstaff.

"Q    When were you convicted of those felonies?

"A    In Nevada in 1951–52. It was in '52. And in Flagstaff in '62.

"Q    On the forgery?

"A.    Yes. I was associated with a man that \* \* \*"

■ Since the second prior conviction was waived by the State, there can be no question but what the prior conviction in the judgment and sentence of the court referred to the forgery committed in Coconino County. Defendant's contention that the judgment did not show whether it was a felony or a misdemeanor is without merit, as he specifically stated that he had been previously convicted of a felony, and that one of the felonies was forgery committed in Coconino County. There can be no question but what the directed verdict for forgery was that charged in the information, which was forgery, a felony.

■ Defendant also contends that the sentence imposed upon him was excessive. As we have pointed out, the sentence came within the provisions of the statutes, and this Court has repeatedly held that so long as the evidence shows no abuse of discretion by the trial court, and the sentence is within the statutory limits, as provided for the conviction involved, this Court would affirm the sentence of the trial court. State v. Smith, 99 Ariz. 106, 407 P.2d 74; State v. Morris, 97 Ariz. 417, 401 P.2d 147.

Judgment affirmed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.