510 P.2d 45

**STATE of Arizona, Appellee,**

v.

**John Chico THOMAS, Appellant.**

No. 2359.

Supreme Court of Arizona,
In Banc.
May 31, 1973.

Gary K. Nelson, Atty. Gen. by Albert M. Coury, Former Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

John Chico Thomas was tried by jury and found guilty of attempted robbery. The trial court sentenced him to confinement for a period of 10 years to 10 years and one day. The conviction of the offense is not challenged in his appeal. Thomas only questions whether increased punishment under A.R.S. § 13–1649 was properly imposed upon him. While the sentence imposed would be a valid sentence for attempted robbery, it appears that the trial court sentenced in accordance with the provisions of A.R.S. § 13–1649 which provides that the minimum sentence shall be 10 years when the defendant has been previously convicted of an offense punishable by imprisonment in the state prison. The judgment of conviction clearly shows that the appellant Thomas was convicted of attempted robbery with a prior conviction.

Thomas contends that enhanced punishment was improperly applied since the record does not disclose that his admission of the prior conviction was intelligently and voluntarily made. Counsel for the appellant argues that the admission of a prior conviction is the "functional equivalent" of a plea of guilty and the requirements for guilty pleas found in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) should also apply to admissions of prior convictions which are used for enhanced punishment purposes.

Counsel for appellant calls our attention to Wright v. Craven, 325 F.Supp. 1253 (N.D.Cal.1971), aff'd 461 F.2d 1109 (9th Cir. 1972) and Mounts v. Boles, 326 F.2d 186 (4th Cir. 1963). Neither of these cases hold that Boykin is applicable to an admission of a prior conviction. There is language in Wright v. Craven, supra, which supports appellant's position, but the district court held that the matter was a pre-Boykin case so that Boykin did not apply. The implication was plain that if the matter was a post-Boykin case he would require the "Boykin litany." Mounts v. Boles, supra, in effect holds that the defendant should be advised of his right to remain silent, have a hearing, and be advised of the consequences of his admission. In the Mounts case the defendant was subject to a mandatory life sentence upon admission of the prior convictions.

The position of appellant has been accepted in the 1973 Rules of Criminal Procedure which become effective September 1, 1973. See Rule 17.6, 17 A.R.S. The same procedure required for accepting a plea of guilty is also necessary in accepting an admission of a prior conviction.

In the case at issue it is not necessary that we decide the question of whether the Boykin standards should have been applied because the finding does not depend upon the admission of defendant of a prior conviction at the arraignment.

The allegation of a prior conviction had been added to the information the day prior to trial. The defense had been aware a week before that the state had moved to add the prior, and a copy of the prior conviction had been furnished to defense counsel. The trial court allowed the amendment the day before trial, but he did not conduct an arraignment on the "prior" until the completion of the trial on the principal charge while the jury was deliberating. At the arraignment the defendant admitted the prior conviction as alleged in the addendum to the information.

The procedure followed by the trial court was not only irregular but unnecessary. During the course of the trial on the offense charged, the defendant elected to take the stand, giving up his right against self-incrimination, and in cross-examination the state, for impeachment purposes, brought out the prior felony convictions of the defendant. The defendant admitted being convicted of the specific felony described in the addendum to the information containing the allegation of prior conviction. In State v. Seymour, 101 Ariz. 498, 421 P.2d 517 (1966), we held that an

admission of a prior conviction elicited during cross-examination of the defendant was conclusive on the issue of prior conviction and no further hearing was necessary. Thus, in the case at issue it was not necessary for the court to receive the admission of the defendant as to the allegation of prior conviction since the defendant, by his testimony, had resolved that issue. Without further action by the defendant the trial court, as in *Seymour*, could have directed a verdict as to the issue of prior conviction.

The judgment and sentence of the trial court is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.