18 P.3d 97

Richard CARRINGTON; Carrington Estate Planning Services, Plaintiffs–Appellants,

v.

ARIZONA CORPORATION COMMISSION; Arizona Attorneys General's Office, Defendants, Real Parties in Interest–Appellees.

State ex rel. Janet Napolitano, Attorney General, and the Arizona Corporation Commission, Counterclaimants–Appellees,

v.

Richard Dean Carrington and Carrington Estate Planning Services, Counterdefendants–Appellants.

No. 1 CA–CV 00–0257.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 21, 2000.

Redesignated as Opinion and Publication Ordered Feb. 12, 2001.

Review Denied Feb. 13, 2001.

Law Offices of Michael Salcido, P.C. by Michael Salcido, Phoenix, Attorney for Appellants.

Janet Napolitano, Attorney General, by Moira McCarthy, Assistant Attorney General, Phoenix, Attorneys for Appellees.

## OPINION

TOCI, Presiding Judge.

¶1 Appellants appeal from the judgment ordering them to comply with subpoenas issued by two state agencies. We conclude that the investigations initiated by the agencies do not violate their statutory authority and therefore affirm the trial court judgment.

## I.  BACKGROUND

¶2 Appellants Richard Carrington and Carrington Estate Planning Services ("Carrington") sell "viatical settlements," which involve the sale of life insurance policies of terminally ill persons at a discount. When the insured dies, the purchaser receives the death benefit; the return to the purchaser/investor is the difference between the death benefit and the discounted purchase price.

¶3 In October 1999, the Securities Division of the Arizona Corporation Commission ("the Commission") issued a subpoena requiring Carrington to provide testimony and produce certain documents concerning its business operations. About three weeks later, the Consumer Protection and Advocacy Section of the Arizona Attorney General's Office issued a similar subpoena duces tecum to Carrington. Carrington filed with the Commission a motion to quash its subpoena; a hearing officer denied the motion.

¶4 Carrington then filed a complaint for special action in the superior court; he sought an order quashing the subpoenas issued by the Commission and the Attorney General and terminating their investigations. The trial court denied special action relief. The trial court found that even though it had previously ruled that Carrington's sale of viatical settlements did not constitute a sale of securities, the agencies' investigations of Carrington were not outside their authority; the subpoenas were not vague, did not seek irrelevant information, and did not appear to be for an improper purpose; and Carrington had not demonstrated that the agencies were acting without some reasonable basis. Carrington timely appealed from the judgment denying special action relief and granting the agencies judgment on their counterclaim for enforcement of the subpoenas.

¶5 Carrington argues that because the court in *SEC v. Life Partners, Inc.,* 87 F.3d

536 (D.C.Cir.1996), and Judge Dann of the Maricopa County Superior Court have ruled that viatical settlements are not securities, the Commission does not have the authority to investigate his investment business. The Commission responds that neither of these judicial determinations is binding on it and that it has the statutory authority to investigate possible violations of state securities laws.

## II. DISCUSSION

### A. Standard of Review

¶ 6 Denial of special action relief is a discretionary decision for the superior court. *State ex rel. Dean v. City Court of Tucson*, 123 Ariz. 189, 192, 598 P.2d 1008, 1011 (1979). We will uphold a denial of special action relief if our review reveals any valid reason for so doing. *Id.*

### B. The Commission's Subpoena

¶ 7 Under Arizona Revised Statutes Annotated ("A.R.S.") section 44–1822 (1994), the Commission "may make such public or private investigations within or outside of this state as the commission deems necessary to determine whether any person has violated or is about to violate any provisions of [Chapter 12: Sales of Securities] ..."; this statute allows the Commission to "investigate and examine ... the affairs of any person when the commission believes that such person is or may be issuing or dealing in or selling or buying securities." As part of its investigations, the Commission may "subpoena witnesses ... and require by subpoena duces tecum or by citation the production of books, papers, contracts, agreements or other documents, records or information ... which the commission deems relevant or material to the inquiry." A.R.S. § 44–1823 (1994).

¶ 8 In light of this statutory authority, courts give the Commission "wide berth" when they review the validity of Commission investigations. *Polaris Int'l Metals Corp. v. Arizona Corp. Comm'n*, 133 Ariz. 500, 506, 652 P.2d 1023, 1029 (1982). In fact, "[a]n appropriately empowered agency 'can investigate merely on suspicion that the law is being violated, or even just because it wants

assurance that it is not.' " *Id.* (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642–43, 70 S.Ct. 357, 94 L.Ed. 401 (1950)). In other words, "[t]he Commission must be free without undue interference or delay to conduct an investigation which will adequately develop a factual basis for a determination as to whether particular activities come within the Commission's regulatory authority." *SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1052–53 (2nd Cir.1973). *See also EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir.1991) (court must enforce subpoena if agency makes plausible assertion of jurisdiction and information sought is not plainly incompetent or irrelevant to any lawful purpose of the agency).

¶ 9 However, the Commission may not act unreasonably and may not use its investigatory powers to "harass, intimidate, or defame" a business. *Polaris*, 133 Ariz. at 507, 652 P.2d at 1030. Accordingly, a party may resist the Commission's subpoena on grounds that the inquiry is not within its scope of authority, the order is too vague, the subpoena seeks irrelevant information, or the investigation is being used for an improper purpose, such as to harass. *People ex rel. Babbitt v. Herndon*, 119 Ariz. 454, 456, 581 P.2d 688, 690 (1978).

¶ 10 We agree with the trial court's decision to order compliance with the subpoenas. First, we conclude that the *Life Partners* holding does not preclude enforcement of the subpoenas. It is true, as Carrington argues, that Arizona courts look to federal courts for guidance in interpreting state securities statutes. *See Nutek Info. Sys., Inc. v. Arizona Corp. Comm'n*, 194 Ariz. 104, 108, 977 P.2d 826, 830 (1998). However, when interpreting Arizona law, Arizona courts are not bound even by the United States Supreme Court's interpretation of federal securities laws. *State v. Gunnison*, 127 Ariz. 110, 112–13, 618 P.2d 604, 606–07 (1980). Thus, *Life Partners* does not bar the Commission from investigating Carrington.

¶ 11 Furthermore, even if the holding from *Life Partners* was deemed to be the law in Arizona, the Commission still would have the

authority to subpoena information from Carrington to determine whether its viatical settlements fit within the *Life Partners* criteria or whether instead there is some material difference that would indicate that Carrington's transactions are securities that fall within Arizona's act. Carrington argues that the viatical settlements it sells are identical to those involved in *Life Partners*. However, the Commission has the right to determine for itself whether Carrington has fully and accurately described the activities of its business. Although the record in the consolidated case below contains certain documents and representations concerning Carrington's business, the trial court indicated that "the record made on a motion for summary judgment by private parties should not foreclose more complete investigations by public agencies." We agree.

¶ 12 We also agree with the trial court's conclusion that the Commission's inquiries do not suffer from any of the defects identified in *Herndon*.

### C. The Attorney General's Subpoena

¶ 13 Carrington's only argument against the Attorney General's subpoena is that it is nothing more than an attempt to obtain for the Commission information to which the Commission is not legally entitled. As we have decided that the Commission is legally entitled to the information it seeks, we reject this argument. In addition, the Attorney General and the Commission are authorized by statute to enforce Arizona's consumer protection laws and securities act respectively. *State ex rel. Corbin v. Goodrich*, 151 Ariz. 118, 122, 726 P.2d 215, 219 (1986) (citing A.R.S. §§ 44–1528 and 44–2032). Thus, it is not illegal or inappropriate for both agencies to investigate the same business.

### III. CONCLUSION

¶ 14 Both the Commission and the Attorney General were acting within their authority when they issued their subpoenas. Thus, the superior court had a valid reason for denying Carrington's requested special action relief. Accordingly, we affirm.

CONCURRING: SHELDON H. WEISBERG, Judge, JAMES B. SULT, Judge.