NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN LEO DAVIS, *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF CORRECTIONS, REHABILITATION &
REENTRY TIME COMPUTATION UNIT, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0584

FILED 06-11-2026

Appeal from the Superior Court in Maricopa County
No. LC2024-000335-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

John Leo Davis, Eloy
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1   John Leo Davis ("Davis") appeals a superior court order denying his petition for review of the Arizona Department of Corrections Time Computation Unit's ("TCU") finding he was ineligible for sentence commutation. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2   In January 2020, Davis pled guilty to second-degree murder under A.R.S. § 13-1104(A)(1). Under the plea, Davis agreed to serve a 25-year prison sentence. The plea agreement stated that "[a]ny sentence imposed is day-for-day, calendar years, aka 'flat time.' 'Calendar Year' means 365 days actual time served without release, suspension or commutation of sentence, probation, pardon or parole, work furlough or release from confinement on any other basis . . . ."

¶3   In 2024, Davis submitted multiple applications for commutation of his sentence which were "unprocessed" by the TCU because it found his sentence was "statutorily ineligible" for commutation, citing A.R.S. §§ 13-1104, -710, and -105. In response to one application, the TCU informed Davis that he was ineligible for commutation because he had been "very specific[ally]" sentenced to 25 calendar years which is statutorily defined as "actual time served without . . . commutation of sentence."

¶4   In September 2024, Davis petitioned the superior court for judicial review of the TCU decision and a trial de novo by jury. The superior court, treating Davis's arguments as a special action, concluded that the TCU did not err in failing to process Davis's application because the statutory definition of "calendar year" explicitly states that an individual sentenced to calendar years is not eligible for commutation or "release from confinement on any other basis."

¶5   On July 9, 2025, Davis timely appealed and we have jurisdiction under A.R.S. § 12-120.21.

**DISCUSSION**

**¶6**        We review the superior court's denial of special-action relief for an abuse of discretion. *Carrington v. Ariz. Corp. Comm'n*, 199 Ariz. 303, 305, ¶ 6 (App. 2000). "We will uphold a denial of special action relief if our review reveals any valid reason for so doing." *Id*. "We view the facts in the light most favorable to upholding the court's ruling." *Foor v. Smith*, 243 Ariz. 594, 597, ¶ 8 (App. 2018). An abuse of discretion occurs when discretion is exercised in a manner that is manifestly unreasonable or based on untenable grounds, or for untenable reasons. *Quigley v. City Court of Tucson*, 132 Ariz. 35, 37 (App. 1982). We review questions of statutory interpretation de novo. *Galaz v. Stewart*, 207 Ariz. 452, 454, ¶ 7 (2004).

**¶7**        Davis argues the TCU erred in finding him statutorily ineligible for commutation because none of the statutes he was sentenced under—A.R.S. §§ 13-1104(A)(1), -3601, -702, and -751—prohibit commutation. He also contends the superior court erred in interpreting "calendar year" because the statutory definition would conflict with A.R.S. § 31-403, which governs commutation.

**¶8**        Under A.R.S. § 13-710(A), a person convicted of second-degree murder under A.R.S. § 13-1104 may be sentenced to a maximum term of 25 "calendar years." Neither A.R.S. §§ 13-1104 nor -710 address commutation eligibility. However, "calendar year" is defined in the same chapter as "three hundred sixty-five days' actual time served *without release, suspension or commutation of sentence*, probation, pardon or parole, work furlough or release from confinement on any other basis." A.R.S. § 13-105(4) (emphasis added). Additionally, in his plea agreement, Davis explicitly agreed to serve a sentence of 25 calendar years "without [] commutation." Davis initialed these provisions indicating his understanding and agreement.

**¶9**        The legislature's stated purpose for defining "calendar year" was to clarify its intent that "calendar years" mean "[365] days actual time served without release, suspension or commutation of sentence . . . or release from confinement on any other basis." *State v. Rodriguez*, 153 Ariz. 182, 184–85 (1987) (quoting SB 1232, 37th Leg., 2d Reg. Sess., Journal of the Senate, 527 (1986)). The superior court interpreted Davis's sentence exactly in this manner. Davis points to no error. *See State v. Frand*, 103 Ariz. 470, 471 (1968) ("[S]o long as the evidence shows no abuse of discretion by the trial court, and the sentence is within the statutory limits, as provided by the conviction involved, this Court w[ill] affirm the sentence of the trial court.").

¶10        Davis also argues that construing "calendar year" as defined in A.R.S. § 13-105(4) conflicts with A.R.S. § 31-403. We disagree. "Whenever it is reasonably practical to do so, we must interpret statutes so they are harmonious and consistent with each other." *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 148, ¶ 21 (App. 2009).

¶11        Section 31-403 provides that if a person eligible for commutation, including someone convicted of murder under A.R.S. § 13-1104, is denied commutation, then that person may not be considered again for a period of five years. A.R.S. § 31-403(A)(1). Davis therefore contends that A.R.S. § 31-403 can only function if every person convicted under A.R.S. § 13-1104 is eligible for commutation. But second-degree murder under A.R.S. § 13-1104 can fall under different sentencing schemes, depending on the circumstances of the offense. *See* A.R.S. §§ 13-1104, -705, -706(A). And not every second-degree murder conviction requires calendar-year sentences. *See, e.g.,* A.R.S. § 13-705(D) (authorizing a maximum sentence of 35 non-calendar years if the victim is a minor). Thus, while A.R.S. § 31-403 could apply to a different defendant convicted under A.R.S. § 13-1104, it does not apply to Davis and no conflict between the statutes exists. *See Maricopa Cnty. v. Barkley*, 168 Ariz. 234, 237 (App. 1990) ("If possible, statutes must be read harmoniously rather than in such a manner that a conflict results.").

¶12        Davis also argues the superior court abused its discretion by failing to issue a writ of mandamus to compel the TCU to "certify and forward [his] commutation of sentence application to the Clemency Board." A writ of mandamus may be issued "to compel, when there is not a plain, adequate and speedy remedy at law, performance of an act which the law specially imposes as a duty resulting from an office, trust or station." A.R.S. § 12-2021. Davis points to no act that the law required the superior court to perform and no corresponding duty that was not performed. Accordingly, there was no error.

¶13        Davis requests his costs on appeal under ARCAP 21 and A.R.S. § 12-341. Because Davis is not the prevailing party, we decline to award costs.

**CONCLUSION**

¶14         We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:         JR